Anderson, Adm'r of Gentry, v. Hance et al.

---

W. W. ANDERSON, ADMINISTRATOR OF MILDRED GENTRY, Respondent, *v.* JAMES R. HANCE AND JAMES H. GORDON, Appellants.

1. *Witnesses—Where party is dead, children of other party may testify.*— Where one of the parties to a contract or cause of action is dead, the statute excludes the other party in interest from testifying, but not his children.

2. *Promissory notes—Execution—Denial of, may be sworn to, when.*—Where defendant in a suit on a promissory note was no party to the instrument, but through mere inadvertence failed to verify his denial of its execution, (Wagn. Stat. 1046, ? 45) he should be permitted on suitable terms to make the affidavit.

*Appeal from Montgomery Circuit Court.*

*F. J. Bowman,* for appellants.

*Henderson & Dyer,* and *H. C. Hayden,* for respondent.

CURRIER, Judge, delivered the opinion of the court.

This suit is founded upon a check alleged to have been drawn at Montgomery City, Missouri, by the defendants, on Gaylord, Leavenworth & Co., of St. Louis, payable to the order of Mildred Gentry on presentation, the check bearing date April 14, 1868.

It is alleged, however, that the check was drawn at Montgomery City on the 15th day of May, 1868, and ante-dated as above, and that it was duly presented for payment on the 23d day of the same month, and duly protested for non-payment. This check is sued on as evidencing an original cause of action. The defendants by their answer deny the drawing of the check as alleged, and also deny all the material allegations of the petition. Having thus put in issue the facts alleged in the petition, the defendants then go into a long statement in regard to a check (not alleged to be the same as the original of that described in the petition) which they aver was drawn by the firm of Gordon & Hance on the 14th day of April, 1868; the parties to it, according to the answer, being the same as the parties to the check mentioned in the petition. The answer, however, fails to show any connection between the check described in the petition and that described in the answer; and it is difficult to discover from the pleadings what the latter had to do with the former. For aught the pleadings show, the two checks evidenced two separate and independent transactions. The facts alleged in the answer and relied upon to show negligence in the presentation of the check therein set out as drawn on the 14th day of April, 1868, have no tendency to show negligence in the presentation of the check alleged to have been drawn on the 15th day of the following month. In the present aspect of the case I shall not further consider the question of negligence.

The defendants in their answer denied the drawing of the check sued on, but neglected to verify the denial by affidavit, as required by statute (2 Wagn. Stat. 1046, § 45) when it is intended to dispute the execution of an instrument declared upon as the foundation of the action. The check was therefore read in evidence as though the execution of it had been admitted, and there is no valid objection to the action of the court in allowing the check to be so read. The check is not sued upon as having been executed by a firm, but as having been executed by the defendants under a particular name.

But the answer, as a second affirmative ground of defense, alleged a settlement and satisfaction of the plaintiff's claim.

These allegations were replied to and denied. In order to prove the alleged settlement, the defendants called as a witness one James H. Gordon; but the court excluded his testimony, apparently upon the ground of his relationship to one of the defendants. The bill of exceptions states the facts on this subject as follows: "The defendant then offered to prove by Mr. Gordon the settlement made by Mr. Hance with Mrs. Gentry. The plaintiff objected on the ground of the incompetency of the witness; James H. Gordon being the son of Ann Gordon, a co-defendant, Mrs. Gentry being dead." It will be seen that the objection here is not that the witness was a party to the contract or cause of action sued on, or that he was a party to the suit, but that he was the son of one of the parties. The exclusion of the testimony on the ground stated is wholly indefensible. Where one of the parties to a contract or cause of action is dead, the statute excludes the other party in interest from testifying, but not his children. (Gen. Stat. 1865, p. 586, § 1.)

But there is a James H. Gordon who is joined as a defendant in the suit. Whether this defendant is the same James H. Gordon who was called as a witness, the record fails to show. The defendant James H. Gordon, in common with the other defendants, denied the execution of the check in suit, and in a separate answer alleged as a defense that he was not a member of the firm of Gordon & Hance (Gordon & Hance being the drawers of the check), and that he was in no way responsible upon their contracts. This defense was excluded on the ground that the execution of the check was admitted by the pleadings, the answer denying its execution not being sworn to. Gordon then asked leave to verify his answer by affidavit; but the application was overruled on the ground that the evidence on the part of the plaintiff was closed. Under the circumstances we think Gordon should have been permitted, on some proper terms, to have filed an affidavit to the truth of his answers. As the case stood, he was entrapped and his defense cut off, through mere inadvertance. His separate answer shows that he was not a member of the firm of Gordon & Hance, and that he was defending on the ground that he was no party to the instrument sued on. If his

11—VOL. XLIX.

defense was true it would be the grossest injustice to involve him in the liabilities of Gordon & Hance. As already remarked, on some suitable terms he should have been permitted to have remedied the oversight of his attorney, and placed himself in a position to avail himself of his defense.

For the reasons already indicated, the judgment will be reversed and the cause remanded. The other judges concur.