## CITY OF CENTRAL *v.* SEARS.

CITY ORDINANCE — *a mere resolution of the council is not.* A resolution adopted by a city council, not approved by the mayor, and not published in the manner required by the charter, has not the effect of an ordinance.

CITY CHARTER — *legislative powers of council under,* as in fixing the compensation of city officers, must be exercised by ordinance, when such fixing is intended to be permanent.

*Compensation of a city officer,* fixed only by such a resolution of the council a year previous to the appointment of the officer, was not paid. He brought suit therefor.

*Held,* that the officer could not recover.

CITY TREASURER — ELECTED — REMOVAL OF. Where a city charter provided for the election of a treasurer, N. was accordingly elected ; the council assumed to declare the office vacant, because, as they said, N. failed to give bond and qualify, under the law ; the council thereupon appointed one H. treasurer ; the city ordinances required the city collector to pay to the city treasurer all city moneys collected by him ; S., acting as city collector, received moneys belonging to the city, and paid over a part of the same to H. as treasurer, and paid a portion thereof to one A., who was president of the city school board ; and the city failed to pay S. for his services as such collector.

*Held,* 1. That under the general rule of law relating to officers of this kind, the former treasurer held over until his successor was elected and qualified.

2.  That the council had no power to declare the office vacant, or to appoint H. treasurer.

3.  That payment by S. to H., as treasurer, as also the payment to A., was not such as the law required.

4.  That S. had not paid the moneys to the treasurer, and until he did so, he could not recover for his services as such collector.

### Appeal from District Court, Gilpin County.

THE charter referred to in the opinion may be found in the laws of the third session (1864), at page 244, *et seq.* The resolution of May 3, 1866, to which the opinion refers, is as follows, viz.: "On motion of Alderman Bedell, the report of the finance committee in regard to police regulations was adopted. On motion, above report was amended so as to affect only the city marshal, who was allowed fifty dollars per month, said salary to commence May 1, 1866."

Mr. CLINTON REED, for appellants.

Mr. L. C. ROCKWELL, for appellee.

HALLETT, C. J.   This action was brought to recover for services rendered by appellee as marshal of the city of Central.   At the time appellee was appointed to that office two sets of aldermen were claiming to represent the city, and a question is presented as to the validity of the appointment, which it will not be necessary to determine at this time. The claim for salary is based upon a resolution of council adopted May 3, 1866, by which $50 per month was allowed to the marshal, to commence on the first of May in that year. The resolution does not appear to have been approved by the mayor, or published in the manner required by the charter, and therefore it cannot have effect as an ordinance of the city.   Whether it should be regarded as fixing the salary of the marshal throughout the year 1867–8, for which appellee claims the right to recover, is the question to be determined.   That some of the powers conferred by the charter may be exercised by resolution of council, or in any other manner which may indicate the will of that body, is not and cannot be denied, and it is equally plain that other powers are of a legislative character, and can only be carried into effect by ordinance.   In the 38th section, power to enact ordinances for purpose of carrying into effect provisions of the charter is expressly conferred, and generally the authority conferred upon the council is to be performed in that way.   Express authority is given in the 35th section to fix the compensation of city officers, and it is desirable that this should be done by ordinance so that both the officers and the public may know what is to be paid. *Smith* v. *Com.*, *etc.*, 41 Penn. St. 335.

The resolution adopted in the year 1866 may, perhaps, be regarded as fixing the compensation of the marshal then in office, but cannot have the effect to fix the salary of that officer for all time.   For that purpose an ordinance adopted and published with the forms prescribed by the charter was

necessary, and as it does not appear that any such existed, the right of appellee to recover such compensation cannot be sustained.  1 Dillon on Municipal Corp., § 169.

. Another claim asserted by appellee was for services rendered as collector of city taxes in the years 1867 and 1868, which by an ordinance of the city he was required to pay over to the treasurer.  The council by which appellee was appointed, in June, 1867, declared the office of city treasurer vacant, upon the ground that Nuckolls, who was elected to that office in the April preceding, had failed to qualify, and appointed one Harker to be treasurer of the city.  It appears that Nuckolls had filed his bond and obtained the approval of the other council, and that he was exercising the functions of the office.  And this was probably suffi· cient to invest him with its powers and duties *de facto.* But if this were not so, and Nuckolls did in fact fail to qualify, there can be no doubt that the treasurer of the preceding year held over until his successor should be elected · and qualified.  There is no provison in the charter to this effect, but such is the general rule of law in relation to officers of this kind.  1 Dillon on Municipal Corp., § 158.

The language of sections 2 and 34 of the charter plainly shows that the city council had power to remove officers appointed by them, but no such power is conferred as to officers elected by the people.  Conceding that the council was properly constituted, the attempt to remove the treasurer of the city and appoint Harker to his place was unwarranted by the charter, and entirely ineffectual to confer upon Harker authority to receive the funds of the city. Unless appellee has paid over the funds collected by him to the treasurer of the city, as required by the ordinance, he cannot recover compensation for his services, and we have no hesitancy in saying that payment to Harker was not such as the law required.  An officer is responsible for public funds which he has received unless discharged by law. *Morbeck* v. *The State,* 28 Ind. 86; *U. S.* v. *Prescott,* 3 How. 578.  So, also, it appears that a portion of the money collected was paid to Arnold, president of the school board,

without authority of law.  The ordinance required the col
lector to pay to the city treasurer all moneys collected by
him, and payment to another was unauthorized.  Upon the
evidence in this record we are unable to perceive any ground
upon which appellee may have judgment, and therefore the
judgment will be reversed, with costs, and the cause re-
manded.

*Reversed.*