## TULLOCH v. THE BELLEVILLE PUMP & SKEIN WORKS.

1. VERIFICATION OF PLEADINGS.—Special provision is made in the Civil Code (sec. 62) as to the manner in which a pleading by a corporation is to be verified. The sufficiency of a verification of such a pleading is to be tested by the requirements of this section, and not by those of section 61.
2. VERIFIED ANSWER, WHEN REQUIRED.—An answer to a complaint upon a promissory note containing a copy of the note must be verified, otherwise the genuineness and due execution of the note will not be in issue, but will stand admitted.
3. PLEADING—NON-PAYMENT—NEW MATTER.—An allegation of non-payment is unnecessary in a complaint upon a promissory note. As a general rule, payment is new matter and must be pleaded specially.
4. MOTION FOR JUDGMENT UPON PLEADINGS.—Technically, a motion for judgment upon the pleadings when there is a verified complaint and an unverified answer, is not good practice. The motion should be to strike the answer from the files and for judgment as by default.
5. PRACTICE—IMMATERIAL ERROR.—By the requirements of the code substance is to be more highly regarded than form. The court below, although not moved technically in accordance with the better practice, having arrived at the result it would have properly reached if the right motion had been interposed, its judgment will not be disturbed.

*Appeal from County Court of Lake County.*

THIS action was brought by the Belleville Pump & Skein Works, appellee, as plaintiff below, upon a promissory note. The complaint, which is verified, contains a copy of the note *in haec verba*, with an allegation that the same has not been paid, or any part thereof. The answer is a general denial unverified. In the court below judgment was rendered in favor of the plaintiff upon the pleadings.

Mr. S. J. HANNA, for appellant.

Mr. W. H. NASH, for appellee.

CHIEF JUSTICE HAYT delivered the opinion of the court.

The complaint in this case is verified as follows:—
" Venue : William H. Nash, of lawful age, being first duly sworn, on his oath doth depose and say that he is the attorney for the plaintiff in the above entitled action; that each and every person authorized by the statute to make this verification is absent from the state and county and therefore deponent makes the same; that he has read the foregoing and annexed complaint and knows the contents of the same and that it is true to the best of his knowledge and belief.
(Signed)        WILLIAM H. NASH."
The appellant contends that this verification is imperfect and insufficient and that the complaint should have been treated as unverified. He bases his objections to the verification on section 61 of the Code, which provides in substance that where a pleading is verified, it must be by the affidavit of a party, unless the party is absent from the county where the attorney resides, or from some cause is unable to verify it, or the facts are within the knowledge of his attorney or other person verifying the same, and that when a pleading is verified by the attorney or any other person except one of the parties, the affidavit must state the reasons why it is not made by one of the parties. It must be admitted that the verification in this case is not in accordance

with this section. And if the requirements of this section were to control in this action, the contention of appellant would be well founded.

The very next section of the code provides, however, the manner in which a pleading by a corporation may be verified. By this section, it is provided that when a corporation is a party, the pleading may be verified by any officer, stockholder, agent, superintendent or attorney thereof, and shall state that the facts stated in the pleadings are true to the best knowledge and belief of such affiant. This action having been brought by a corporation, the verification is to be determined by the last section mentioned. An examination of the verification will show that while it is not a model, it contains everything required in such cases by the code as amended, and must therefore be held sufficient. In fact the provision with reference to verification by a corporation is not to be found in the original code, it having been inserted by amendment after its adoption to cover cases like the one at bar.

Under our statute the answer not having been verified, the genuineness and due execution of the note set forth in the complaint stood admitted. Civil Code, sec. 62. It is claimed, however, by appellee that, as the complaint alleged non-payment, he was entitled to introduce proof of payment under the general denial of his answer, and that the failure to verify the answer should have been taken advantage of by a motion to strike the unverified pleading from the files, and for judgment by default; and that it was error to enter judgment against appellant upon the pleadings in the first instance. The allegation of non-payment in the complaint is entirely unnecessary. The complaint states a cause of action without such allegation. As a general rule, payment is new matter which must be specially pleaded in code states. It has, however, been held that if the complaint contains an allegation of non-payment, and this allegation is traversed by the answer, the defendant should be allowed to prove payment under such pleadings. *Watson v. Lemen*, 9 Colo. 200. So far as this case is concerned, the question is quite

immaterial, since the defendant failed to interpose a verified answer to the verified complaint.

By the Code of 1887, sec. 61, it is provided that when any pleading is verified, every subsequent pleading except a demurrer must be verified also. As the complaint in this case was duly verified, the answer should also have been verified. The defendant having failed to comply with this plain requirement of the code, was a judgment upon the pleadings authorized? Technically, the motion was not in accordance with good practice. If the plaintiff desired to take advantage of the failure to verify the answer, he should have moved that the same be stricken from the files and for judgment as by default. *Speer v. Craig*, 16 Colo. 478. The code, however, regards the substance of things rather than the form, and in this case we do not feel at liberty to set aside the judgment because the manner in which the plaintiff called attention to the omission is not technically in accordance with the better practice. The record shows that the defendant had due notice of plaintiff's motion and was present in the court room at the time the same was argued by plaintiff, although he refused to participate in the argument. It is fair to presume that if he had then offered to verify his answer, the court would have permitted him to have done so. He, however, made no application of this kind, preferring, no doubt, to see the court fall into an error of which he might take advantage upon appeal. Under these circumstances his application to reverse the judgment in this court is not entitled to favorable consideration. As we have seen, appellant was in default of a plain requirement of the statute, and when his attention was called to this default, he made no effort to remedy the same in the court below. The result reached by that court being the same as the result that must have been reached had a motion been interposed to strike the answer from the files and for judgment as by default, we do not feel at liberty to interfere with the judgment. It will accordingly be affirmed.

                                                      *Affirmed.*