[No. 2161, Aug. 9, 1918.]
# HYDE v. BRYAN.

### SYLLABUS BY THE COURT.

1. The face of a pleading controls its character, and not the name given to it by the pleader. P. 460

2. Every pleading must be, under our practice, subscribed by the party making the same, or his attorney, and, when any pleading is verified, every subsequent pleading, except a demurrer, must be verified. P. 460

3. Where a verfication is required, as is the case under our statute, and is omitted, the pleading may be stricken out or judgment may be had on the pleadings. P. 460

4. A defendant, by answering over, upon demurrer overruled, waives all objections to the petition of the plaintiff, except to the jurisdiction of the court and the failure of petition to state a cause of action. P. 461

5. Code 1915, § 1999, providing for an examination of ballots by the board of county commissioners in case of a contest, does not violate Const. art. 7, § 1, requiring the enactment of laws securing the secrecy of the ballot. P. 462

Appeal from District Court, Lincoln County; Medler, Judge.

Suit for injunction by C. Walker Hyde against John L. Bryan and others. Judgment for plaintiff on the pleadings for default of answer, and defendants appeal. Reversed, and cause remanded for further proceedings.

G. W. PRICHARD, of Santa Fe, and SPENCE & MERCHANT, of Carrizozo, for appellants.

GEO. B. BARBER, of Carrizozo, for appellee.

### STATEMENT OF FACTS.

Pending an election contest case in the district court of Lincoln county between Henry M. Corn, contestant, and C. Walker Hyde, contestee, involving the office of sheriff, the contestee in that suit filed his petition in the case at bar to prevent the contestant, Corn, from having certain ballot boxes opened in the presence of the county commissioners for the purpose of showing alleged illegal votes cast against him. A demurrer to the complaint was interposed and subsequently overruled on the 31st day of May, 1917, and the injunction continued in effect until the further order of the court. After this certain testimony was taken in the contest case, a copy of which is incorporated in the record in this case. On July 20, 1917, a motion to dissolve the temporary injunction was filed by respondents, and on the following day the plaintiff filed a motion to strike respondents' motion to dissolve, in which he recites the history of the proceedings in the case prior to that time, and urged as a ground for the motion that the motion to dissolve was an answer and not a motion, and had not been filed within 20 days, as required by the statute. This motion was denied. An order of the court was then made overruling the motion to dissolve without prejudice, the court announcing that he would hear any further motion for dissolution on the following

Hyde v. Bryan, 24 N. M. 457.

day. The same day (July 30, 1917) a motion for judgment was filed by complainant on the ground that no plea or answer had been filed by respondents. On the following day defendants interposed a motion ore tenus, moving the court to strike the motion of the plaintiff for judgment on the ground that the court, upon the overruling of the motion for dissolution of the injunction on the preceding day, had given to the respondents until 9 o'clock on the following morning in which to file another motion setting up other facts and asking for the the dissolution of the injunction. At the same time there was also filed a second motion to dissolve the injunction. This motion set up the proceedings taken in the contest case touching the qualifications of certain voters to vote in the precincts in question, alleging that a sufficient number of the voters named in contestant's pleadings in cause No. 2,571 have been shown to have voted illegally at the two ballot boxes in question to have changed the result of the election. Among other matters not necessary to refer to, the motion contained a general denial of all allegations of the complaint not admitted.

The trial court held that the question of the qualification of these voters should have been raised by an answer to the complaint and the evidence taken in this case, and held that, where an injunction is granted until answer and further order, it is never dissolved until the answer comes in; citing 10 Ency. P. & P. 1035. The court overruled the motion of the respondents to dissolve the injunction. Apparently because no time was asked within which to file an answer, the court granted the plaintiff's motion for a judgment upon the pleadings for default of answer, to which ruling of the court the respondents excepted, and from which they have prayed this appeal.

### OPINION OF THE COURT.

HANNA, C. J. (after stating the facts as above). The principal point raised by appellants here (respond-

ents below) is that the injunction granted in the trial
court operated to deprive the defendant Corn from hav-
ing the benefit, in his contest case, of section 1999, Code
1915, providing for the inspection of ballots by con-
testing parties in contested elections, a question, how-
ever, which is dependent upon the correctness of the
trial court's disposition of the case upon the pleadings.
Appellants urge that their respective motion to dis-
solve the injunction should have been treated and con-
sidered as answers, pointing out that in each of the
motions the respondents denied and controverted each
and every allegation contained in the complaint, save
and except those allegations therein admitted to be true.

[1-3] It is urged that the face of a pleading con-
trols its character, and not the name given to it by the
pleader, and that our code prescribes no form of answer
further than to require that it contain a denial of the
material allegations of the complaint, with the privi-
lege, of course, of setting up new matter, it being con-
tended that this is done in the motions to dissolve re-
ferred to. Authorities are cited in support of this con-
tention, and we apprehend that the contention is cor-
rect. Cleveland, C., C. & St. L. Ry. Co. v. Rudy, 173
Ind. 181, 89 N. E. 951. It must be borne in mind, how-
ever, that the court gave judgment upon the pleadings
upon the theory that every pleading must be, under our
practice, subscribed by the party making same, or his
attorney, and when any pleading is verified, every sub-
sequent pleading, except a demurrer, must be verified
also; citing section 4123, Code 1915. It has been held
that where a verification is required, as is the case
under our statute, and is omitted, the pleading may be
stricken out or judgment may be had on the pleadings.
Hearst v. Hart, 128 Cal. 327, 60 Pac. 846. In the case
cited it was contended that the proper course would
have been to move to strike the answer from the files
for want of a verification, and then take judgment for
want of an answer, but the Supreme Court of Califor-
nia held that either that course might be pursued or a

motion for judgment on the pleadings was sufficient; citing the case of McCullough v. Clark, 41 Cal. 298. See, also, 22 Ency. P. & P. 1049, 31 Cyc. 537.

[4] It would appear that the trial court elected to treat the motion to dissolve as a motion rather than an answer, possibly because respondents had designated it as a motion to dissolve, and also upon the theory that, even though it be treated as an answer, it was defective, in that it was not verified, and therefore he might elect to disregard it. Under authority of the California cases, his action in this respect was correct. The question of whether or not the bill was wanting in equity, which is raised by the demurrer, calls for our consideration. While it is urged that appellant waived the questions raised by the demurrer by pleading over, it is apparent that the demurrer in its first paragraph asserted that the petition did not state facts sufficient to constitute a cause of action, standing upon section 1999, Code 1915, which, it is asserted conferred the very right which the appellee attempts to cut off by applying for the injunction in question. In the case of Webb v. Beal, 20 N. M. 218, 148 Pac. 487, this court held that:

"A defendant, by answering over, upon demurrer overruled, waives all objections to the petition of the plaintiff, except to the jurisdiction of the court and the failure of petition to state a cause of action."

In the light of this well-established principle we cannot agree that appellant waived his attack upon the complaint in this case by pleading over, assuming that he did plead over. We therefore find it necessary to pass upon the merits of the objection to the complaint or petition filed herein. Section 1999, which it is argued must be disregarded if the complaint in this case is to be sustained, is as follows:

"All votes shall be by ballot, each voter being required to deliver his own vote in person. Said ticket shall in no case be examined unless the election be contested; but shall be delivered by the judges of the election to the

county clerk, who shall retain them until the expiration of the time allowed for the contesting of the election, and they shall then be destroyed.

"But in case said election is contested, it shall be the duty of the county clerk to supply said tickets for the inspection of the contesting parties, on being called upon to do so by any of said parties after having given at least five days notice to the opposing candidate; said examination shall then be made by the board of county commissioners in the presence of the contending parties, and the result shall be forwarded by said board, under seal, to the powers authorized by law to determine the legality of the election."

[5] By appellee it is contended that, under section 1 of article 7 of the constitution of New Mexico, among other things it is provided that "the legislature shall enact such laws as will secure the secrecy of the ballot, the purity of elections, and guard against the abuse of elective franchise," and that therefore to permit the opening of the ballot boxes in question and examination of the ballots would destroy all secrecy of the voters' ballot so far as the precincts in question are concerned. In support of this contention, among other authorities cited is Cooley's Constitutional Limitations, 912. That eminent author said:

"Public policy requires that the veil of secrecy should be impenetrable, unless the voter himself voluntarily determines to lift it; his ballot is absolutely privileged; and to allow evidence of its contents when he has not waived the privilege is to encourage trickery and fraud, and would in effect establish this remarkable anomaly, that, while the law from motives of public policy establishes the secret ballot with a view to conceal the elector's action, it at the same time encourages a system of espionage, by means of which the veil of secrecy may be penetrated and the voter's action disclosed to the public."

We have no quarrel with the principle announced, but the question before us is solely one of statutory construction, and we must turn to section 1999 of our code. When arriving at the intention of the legislature there expressed, unless it is in conflict with the constitutional provision referred to, the complaint in this case must be held insufficient, because it is clearly sought by the com-

plaint to deny appellant the right to avail himself of the remedy provided by the section in question. It is to be noted that, upon the giving of five days' notice to the opposing candidate in case of contested elections, an examination shall be made by the board of county commissioners in the presence of the contending parties, and the result forwarded to the powers authorized by law to determine the legality of the election. Without referring to other statutory provisions, it is sufficient to point out that other statutes upon the subject of elections did not provide for the numbering of the ballots, as is the case under the recent statute adopted by the legislature, so that at the time of the institution of this suit the law only contemplated that a recount might be had by the board of county commissioners in all contested cases. Under the practice at that time in effect, the county commissioners in canvassing election returns only certified the result for the county, basing their conclusion upon the certificates of the judges and clerks of election in the several precincts of the county. The legislature, in adopting section 1999 of our code, evidently, at least, intended to provide for a recount by the board of county commissioners. But little advantage other than this could be secured by the section in question, as the law at that time did not contemplate the numbering of the ballots, and the section referred to would not have accomplished anything other than a recount by the board of county commissioners, as we view the matter. We do not overlook the fact that it is contended in this case that in the two precincts in question the ballots had actually been numbered, and corresponding numbers placed opposite the names of the voters on the pollbooks, and we are cited to the Carabajal v. Lucero case, 22 N. M. 30, 158 Pac. 1088, where this court held that:

"In the absence of a showing of fraud on the part of the election officers, sufficient to invalidate the returns and to cast discredit upon the ballots, preserved as required by law, the individual voters cannot be permitted to testify as to the candidates for whom they voted at an election."

As we view the matter, however, this contention is going beyond the issues in the case, inasmuch as the sole question presented by the record in this case was the right of the appellee to enjoin the appellant from seeking a recount of the ballots in the two precincts in Lincoln county, under the provisions of section 1999 of the code. Whether or not the ballots themselves could be examined, and the way in which the individual voter cast his ballot could be shown, is a matter which would arise in the contest case, and is not now presented by the record in this case, which stands solely upon the right of appellant to have the examination provided for in section 1999. This statute, in our opinion, does not violate the constitutional provision guaranteeing a secret ballot, and the appellant was clearly entitled to the privilege sought by him. For the reasons stated, the judgment of the trial court must necessarily be reversed, and the cause remanded for further proceedings; and it is so ordered.

PARKER and ROBERTS, J.J., concur.