[No. 2907.   July 30, 1926.]

## WILLIAMS v. CITY OF TUCUMCARI.

[249 Pac. 106.]

### SYLLABUS BY THE COURT

1   Where a complaint is verified and the answer thereto is not verified, the court may, upon motion seasonably made, grant permission to a defendant to add a verification; although there is pending at the time a motion to strike the answer and for judgment because of such defect.

2   *A motion for judgment on the pleadings made by plaintiff avails nothing where the complaint does not state a cause for action.*

3   Where a general provision in a statute authorizes the fixing of salaries of all officers of a city, without stating specifically how it shall be done; and a special provision of the same section requires the city clerk's salary to be fixed by ordinance; the special provision must prevail over the general provision, if they conflict.

4   Where the statute requires an act of a city to be done in the form of an ordinance, it can only be done in that form; a resolution is not sufficient; except perhaps when passed with all formalities required of ordinaces; an informal order of the city council is not sufficient.

---

[1-2] 31 Cyc p. 537 n. 94; p. 546 n. 86; p. 606 n. 25 New. [3]   28 Cyc p. 449 n. 53; 36 Cyc p. 1130 n. 68. 69.     [4]   28 Cyc p. 349 n. 8, 8 New.

Appeal from District Court, Quay County; Hatch, Judge.

Action by J. C. Williams against the city of Tucumcari to recover salary as city clerk. From a judgment for defendant, plaintiff appeals. Affirmed.

## Statement Of Facts

The plaintiff's complaint was verified and the defendant's answer thereto was not verified. The plaintiff moved to strike the answer and for judgment. While this motion was pending, the defendant mqved for permisison to add a verification to its answer, which was sustained by the court; and thereupon the answer was duly verified. The court then overrruled plaintiffs' motion to strike the answer and for judgment; following which the plaintiff filed a reply.

The facts material to a decision of this case are suostantially as follows: The city of Tucumcari is a municipality existing under the laws of the state of New Mexico; that in October, 1908, ordinance No. 7 was passed by said city's council, which, among other things, fixed the salary of the city clerk at $25 per month, and has not been repealed by any subsequent ordinance. That on March 26, 1920, the city council of the city of Tucumcari passed the following order as shown by the minutes of the city council of that date:

"It is now moved by W. F. Kirby, and seconded by Ed Hall, that the salary of the city clerk be raised from $110 to $125 per month. A yea and nay vote being taken as follows: W. F. Kirby, yea, W. J. Eitzen, yea, J. B. Taylor, yea, E. Donahue, yea, Ed. Hall, yea, and W. B. Rector, yea. There being six yeas and no nays, Motion carried."

At the meeting of the city council of said city held on March 24, 1922, the city council passed the following order, shown by its minutes of said date:

"It was moved by W. A. Collins, seconded by W. M. Nicol, that all the elective officers salaries remain the same for the next two years as in the past two years. Motion carried."

The minutes of each meeting were signed by the mayor in office, and attested by the city clerk.

From the beginning of the term of office of the new officers, succeeding March 26, 1920, the city clerk was paid $125 a month. The plaintiff was elected clerk of the city of Tucumcari at the election held on April 4, 1922, and duly qualified as such April 14, 1922. After the passage of the order of March 26, 1920, and until August 1, 1922, the city clerk was paid $125 per month, the plaintiff having received a salary of $125 per month from the time he was inducted into office until August 1, 1922. From that date ordinance No. 160 became effective, authorizing the employment of a waterworks clerk to collect the water rents and garbage tax, work that had previously been done by the city clerk. The council then appointed a collector of rents and garbage tax as provided by said ordinance No. 160, and relieved the city clerk of this work, and reduced his salary to $25 per month. Until the time this suit was brought, five months had elapsed during which time plaintiff had been paid $25 per month. This action was brought to recover the $100 per month for five months claimed by him under the orders of the city council heretofore mentioned.

C. H. Aldredge, of Tucumcari, and H. A. Kiker, of Raton, for appellant.

R. A. Prentice, of Tucumcari, for appellee.

### OPINION OF THE COURT

BRICE, District Judge. [**1, 2**] We have concluded there was never any legal authority for the city council to pay to plaintifff the salary claimed, which makes it unnecesarsy to decide a number of propositions advanced. The allegations of the complaint show clearly that such claim is based upon informal orders made by the city council fixing the salary of the city clerk, and not by formal ordinances as required by the statute. If the court erred in overruling plaintiff's motion to strike defendant's answer because it was

not verified—and we do not think he did—(Bank of Edgefield ¡v. Farmers' Co-operative Mfg. Co., 52 F. 98, 2 C. C. A. 637, 18 L. R. A. 201; Hyde v. Bryan, 24. N. M. 457, 174 P. 419; Anderson v. Hance et al., 49 Mo. 159; Lattimer v. Ryan, 20 Cal. 629; Wheeler v. Wales, 3 Bush [Ky.] 225; Tulloch v. Belleville Pump & Skein Works, 17 Colo. 579, 31 P. 229), still he could not have given judgment on the complaint, for it states no cause of action.

[3] The statute specifically provides that the salary of the city clerk shall be fixed by ordinance. The last paragraph of section 3590, Code of 1915, reading, "The city council shall, as early as their last regular meeting before the annual election, fix the salaries and fees of all the officers of said city, for the period of one year next ensuing the election, and qualification of the officers elected at the next annual election, * * *" is controlled by the special provision reading, "The city clerk shall perform all the duties of his office that may be fixed by ordinance, and receive such salary and fees as the city council may, by ordinance, declare," all in the same section. This particular provision must be held to be operative, and the general provision must be held to affect only such officers whose salaries are not to be fixed by ordinance as provided by the particular provisions in the section. 25 R. C. L. title "Statutes," § 250; Black on Interpretation of Laws, page 201. The Legislature must have intended that the salary of the city clerk and some other officers named in said section should be fixed with the formalities of an ordinance or there would have been no necessity for any provision other than the general one at the end of the section.

[4] Where the statute requires an act of a city to be done in the form of an ordinance, it can only be done in that form. A resolution is not sufficient, except perhaps when passed with all of the formalities required of ordinances, this being its legal equivalent. Newman v. Emporia, 32 Kan. 456, 4 P. 815; Town of

Trenton v. Coyle, 107 Mo. 193, 17 S. W. 643; City of Nevada v. Eddy et al., 123 Mo. 546, 27 S. W. 471; State, etc., v. Barnet, 46 N. J. Law, 62; City of Springfield v. Knott, 49 Mo. App. 612; State, etc., v. Common Council of the City of Lambertville, 45 N. J. Law, 279; City of Central v. Sears, 2 Colo. 588; 2 McQuillen, Municipal Corporations, §§ 516, 636; 2 Dillon on Municipal Corporations, § 572. An informal order does not comply with the statute.

It is immaterial to the determination of this case whether or not said ordinance No. 7 remained in force longer than the succeeding election, as the salary of $25 per month provided by such ordinance was paid, and there is no cross-action on the part of the city to recover it; so it is unnecessary to decide whether or not it is required by section 3590, Code of 1915, that a formal ordinance fixing the salary of the city clerk should be passed each year.

It follows that the judgment of the district court was correct and should be affirmed, and it is so ordered.

PARKER, C. J. and WATSON, J., concur.