308 P.2d 994

Frank N. HARTLEY et al., Plaintiffs-Appellants,

v.

The BOARD OF COUNTY COMMISSIONERS of SAN MIGUEL COUNTY, New Mexico, et al., Defendants-Appellees.

No. 6165.

Supreme Court of New Mexico.

March 19, 1957.

Howard F. Houk, Santa Fe, for appellants.

Jose E. Armijo, Noble & Noble, Las Vegas, for appellees.

COMPTON, Justice.

This appeal represents the third appearance in this Court involving the attempted annexation by Harding County of a portion of San Miguel County under the provisions of Chapter 196, Laws 1947, § 15–33–1 to § 15–33–7, 1953 Compilation. See Youree v. Ellis, 58 N.M. 30, 265 P.2d 354; Laumbach v. Board of County Commissioners, 60 N.M. 226, 290 P.2d 1067.

The facts are not disputed. Appellants allege, first, that an election was held under the provisions of the Act on the question of annexation and that certain unqualified persons were permitted to vote at such election, and, second, that certain qualified persons were denied a right to vote because their affidavits of registration were not in the binder of affidavits as required by § 3–2–27, 1953 Compilation. They seek to require the election officials to accept the votes of the qualified electors and to deduct the votes of electors found not qualified, then canvass and certify the results of the election accordingly. A motion to dismiss the complaint was interposed by appellees on the asserted grounds (a) the court was without jurisdiction of the subject matter, and (b) no cause of action was stated, and from an order sustaining the motion, appellants appeal.

The ruling of the court was proper. This being a special statutory proceeding, the right of contest and the jurisdiction to entertain it must be found in the Act itself, and no such right is provided by the Act. Montoya v. Gurule, 39 N.M. 42, 38 P.2d 1118; Auge v. Owen, 39 N.M. 470, 49 P.2d 1134. Compare Orchard v. Board of Com'rs of Sierra County, 42 N. M. 172, 76 P.2d 41; State ex rel. Abercrombie v. District Court of Fourth Judicial Dist., 37 N.M. 407, 24 P.2d 265. Since the statute makes no provision for contest of an annexation election, the court was without jurisdiction of the subject matter.

But it is strongly asserted this is not a contest proceeding. Appellants contend that due to fraud practiced upon them, their property rights have been invaded and they are entitled to invoke equitable relief. We are unable to share this view with appellants. Although the action may be denominated an equitable proceeding, its character remains unchanged, an action to contest an election. The contest statute is inapplicable. Cases cited supra. Further, the right to vote is a political right, not a property right. State ex rel. Denton v. Vinyard, 55 N.M. 205, 230 P.2d 238; Wilson v. Gonzales, 44 N.M. 599, 106 P.2d 1093. We observe that appellants rely on Patterson v. People, 23 Colo.App. 479, 130 P. 618 and Pierce v. Superior Court, 1 Cal.2d 759, 37 P.2d 453, 96 A.L.R.

1020. We considered and discussed these cases in Laumbach v. Board of County Commissioners, supra, and refused to follow them.

The judgment is affirmed, and it is so ordered.

LUJAN, C. J., and SADLER and McGHEE, JJ., concur.

KIKER, J., not participating.