708 P.2d 1043

**W.D. DINWIDDIE, Joe Lewis and Tom Kennan, Plaintiffs-Appellants,**

v.

**The BOARD OF COUNTY COMMISSIONERS OF LEA COUNTY, W.H. Brininstool, Ernest McNutt, and Billy W. Johnson, Commissioners; Stern Brothers and Company, and Pat Snipes, County Clerk of Lea County, New Mexico, Defendants-Appellees.**

**No. 15808.**

Supreme Court of New Mexico.

Nov. 12, 1985.

Rehearing Denied Nov. 26, 1985.

William F. Brainard, Roswell, for appellants.

Hinkle, Cox, Eaton, Coffield & Hensley, Mack Easley, Santa Fe, for appellees.

## OPINION

FEDERICI, Chief Justice.

Plaintiffs-appellants W.D. Dinwiddie, Joe Lewis and Tom Kennan (plaintiffs), filed in the District Court of Lea County a "Petition for Declaratory Judgment Invalidating the Special Election of September 18, 1984, and Disallowing Certain Invalid Ballots Cast at Said Election." They alleged that a bond election called by the Board of County Commissioners of Lea County (Board), for the construction of a cultural center was held in violation of the statutory provisions for the consolidation of precincts and that certain ballots were cast by persons invalidly registered in Lea County. The Board, the Commissioners of the Board, individually, and Pat Snipes, County Clerk of Lea County, defendants-appellees (defendants), filed a motion to dismiss. The trial court dismissed plaintiffs' complaint with prejudice, and plaintiffs appeal. We affirm.

The trial court determined that plaintiffs' unverified complaint violated the requirements of NMSA 1978, Section 1–14–3 (Repl. 1985) regarding verification of a complaint in an election contest; that it lacked essential averments concerning the outcome of the election; and that it failed to state a claim for relief.

The sole issue we address on appeal is whether the statutory provisions concerning election contests and recounts, NMSA

1978, Sections 1–14–1 to –21 (Repl.1985), and in particular Section 1–14–3, apply to a petition which contests the validity of a special bond election for the construction of a cultural facility. We do not address the other issues raised by plaintiffs because we find this issue dispositive.

Plaintiffs contend that the contest and recount provisions are applicable only to contests of elections of candidates for public office. They argue that because these provisions are primarily addressed to a "candidate" or "party," they do not apply to bond elections and that Section 1–14–1 gives standing to file an election contest only to an "unsuccessful candidate." We determine that these provisions are not so limited in scope.

NMSA 1978, Section 1–1–19 (Repl.1985) provides:

**1–1–19. Elections covered by code.**

A. The Election Code [this chapter] applies to the following:

(1) general elections;

(2) primary elections;

(3) statewide special elections;

(4) elections to fill vacancies in the office of representatives in congress; and

(5) school district elections.

B. *To the extent procedures are incorporated or adopted by reference by separate laws governing such elections* or to the extent procedures are not specified by such laws, certain provisions of the Election Code shall also apply to:

(1) municipal officer or municipal bond elections; or

(2) special district officer or *special district bond or other special district elections.* (Emphasis added.)

Thus, the Election Code, Chapter 1 NMSA 1978, applies to special district bond elections when the Code procedures are incorporated by reference in the separate laws governing such elections.

 The separate laws governing bond elections for cultural facilities are found in NMSA 1978, Sections 4–49–1 to –21 (Repl. Pamp.1984 and Supp.1985). Section 4–49–7

(Supp.1985) authorizes the issuance of general obligation bonds for cultural facilities. NMSA 1978, Section 4–49–8 (Supp.1985) sets forth the requirements for the bond elections and states in pertinent part: "Except as provided in Chapter 4, Article 49 NMSA 1978, such elections shall be held and conducted in the same manner as general elections, *including recount and contest * * * *"* (Emphasis added.) Article 49 contains no separate recount or contest provisions. In addition, NMSA 1978, Section 4–49–10 (Repl.Pamp.1984) provides that all such bond elections shall be "in all respects governed by, and the result declared according to, the rules and regulations provided by law for holding ordinary or general elections." The Election Code's provisions, including those for recount and contest, therefore, do apply to special bond elections for cultural facilities, since they are specifically incorporated by reference by the laws governing such elections.

 Plaintiffs claim that their complaint contained two causes of action: the first, a challenge to the validity of the election itself; and the second, a challenge to the results. They argue that should the contest and recount statutes of the Election Code apply to the second cause of action, the first cause of action is still "outside" the Code and not affected. We do not agree with this distinction. A challenge to the validity of an election is also a challenge to its result, for if it is successful, the result is changed. Similarly, a challenge to the result contests the inherent validity of the election. Both seek to alter the certified result of the election. An election is a process, not a single event, and the whole process or any part of it, may be subject to contest. *See generally* 26 Am. Jur.2d *Elections* § 321 (1966).

 The appellants in *Hartley v. Board of County Commissioners,* 62 N.M. 281, 308 P.2d 994 (1957), also argued that the proceeding brought by them, challenging an election, was not an election contest because they had alleged fraud and impairment of property rights. The *Hartley* Court stated: "Although the action may be

denominated an equitable proceeding, its character remains unchanged, an action to contest an election." *Id.* at 283, 308 P.2d at 995. Likewise in the present case, we determine that the character of both causes of action, whether directed to the validity or the result of the election, is that of an election contest.

█ The right to contest an election is entirely statutory; such a proceeding was unknown at common law. *Montoya v. McManus,* 68 N.M. 381, 362 P.2d 771 (1961); *Crist v. Abbott,* 22 N.M. 417, 163 P. 1085 (1917). The statutory provisions for an election contest must be strictly followed. *Montoya v. McManus.* One has the right to contest an election only in the manner and to the extent prescribed by statute. *Id.; State ex rel. Denton v. Vinyard,* 55 N.M. 205, 230 P.2d 238 (1951). This Court has long recognized that an election contest may not be brought absent statutory authority. In *Montoya v. Gurule,* 39 N.M. 42, 38 P.2d 1118 (1934), we held that the district court was without jurisdiction to entertain a contest of an election of members to a board of trustees of a land grant, because the Election Code at that time did not place such an election within its scope. Similarly, in *State v. ex rel. Denton v. Vinyard,* the Election Code was determined not to apply to a contest of a local option election, since there was no provision in the Code or other related statutes providing for such contests. *See also Hartley v. Board of County Commissioners* (no statutory provision for contest of an annexation election; complaint dismissed).

In the instant case, an election contest may be brought only because the laws governing the issuance of special bonds for cultural facilities incorporate the Code procedures, including those for contest and recount. This statutory right, however, may be exercised only in strict conformity with the law.

█ NMSA 1978, Section 1–14–3 (Repl. 1985) of the Election Code's contest and recount provisions states in part: "Any action to contest an election shall be commenced by filing a *verified* complaint of contest in the district court * * * * " (Em-

phasis added.) Plaintiffs' complaint was not verified. It has long been established in New Mexico that in election contests the statutory requirement of verification of the complaint must be met or the case is subject to dismissal or to a motion for judgment on the pleadings. *Hyde v. Bryan,* 24 N.M. 457, 174 P. 419 (1918). *See also Perez v. Sisneros,* 74 N.M. 310, 393 P.2d 335 (1964) (unverified reply of contestant would have been subject to motion to strike or judgment on the pleadings as to new matter alleged in answer, had the contestee raised the issue in the trial court).

Other courts have held that they did not have jurisdiction to hear an election contest under similar circumstances. In a recent Indiana case, *State ex rel. Hodges v. Kosciusko Circuit Court,* 273 Ind. 101, 402 N.E.2d 1231 (1980), the court held that an unverified petition to recount votes and to contest an election was jurisdictionally defective and could not be amended after the filing deadline to conform with the jurisdictional requirements. Also, the Illinois Supreme Court in *Doelling v. Board of Education,* 17 Ill.2d 145, 160 N.E.2d 801 (1959), dismissed for lack of jurisdiction an election contest initiated by an unverified petition. *See also Reed v. Baker,* 254 Ark. 631, 495 S.W.2d 849 (1973) (required affidavit in support of an election contest is jurisdictional).

█ Plaintiffs argue that they should be allowed to amend their complaint under NMSA 1978, Civ.P.Rule 15(a) (Repl.Pamp. 1980). We agree with defendants that plaintiffs do not have a right to amend, since the 30-day period in which to file a "verified" complaint has expired. § 1–14–3. After the 30-day period, the courts have no jurisdiction over the matter.

Plaintiffs' petition did not invoke the jurisdiction of the court, because it was not verified in accordance with NMSA 1978, Section 1–14–3 (Repl.1985). The trial court's dismissal of plaintiffs' complaint is affirmed.

IT IS SO ORDERED.

SOSA, Senior Justice, and STOWERS, J., concur.