725 P.2d 250

**CITIZENS FOR LOS ALAMOS, INC., a non-profit corporation, Petitioner-Appellant,**

**v.**

**INCORPORATED COUNTY OF LOS ALAMOS, as a Corporate Body, Respondent-Appellee.**

**No. 16246.**

Supreme Court of New Mexico.

Sept. 8, 1986.

Frank R. Coppler, Santa Fe, for petitioner-appellant.

Miller, Stratvert, Torgerson & Schlenker, Alan Konrad, Albuquerque, Douglas Fraser, Los Alamos, for respondent-appellee.

## OPINION

FEDERICI, Justice.

Citizens for Los Alamos, Inc. (Citizens) brought this action in the District Court of Los Alamos County. Approximately four months after commencing the action and after the action had been dismissed for lack of subject matter jurisdiction, Citizens filed a petition for writ of certiorari in the district court. The district court quashed the writ and Citizens appealed.

As background, on November 28, 1984, the Planning and Zoning Commission of Los Alamos County (Commission) approved an improvement plan submitted by Monte Vista, Inc. Before Monte Vista could proceed with the improvements, however, a special use permit had to be separately obtained. On February 19, 1985, the Commission denied Monte Vista's request for a special use permit. Thereafter, pursuant to NMSA 1978, Section 3-21-8 (Repl.Pamp. 1985), an appeal of the Commission's February 19, 1985 decision was taken to the County Council of Los Alamos County (County). On April 8, 1985, the County reversed the Commission's decision and granted Monte Vista a special use permit.

On May 7, 1985, Citizens was incorporated, and on May 8, 1985 (within 30 days after the County's decision), Citizens filed its original complaint in the district court, seeking declaratory and injunctive relief against the County. On August 8, 1985, the district court granted the County's motion to dismiss for lack of subject matter jurisdiction, or, in the alternative, for failure of the complaint to state a claim upon which relief could be granted. On September 10, 1985 (155 days after the County's April 8, 1985 decision), an amended complaint was filed, based upon NMSA 1978, Section 3-21-9 (Repl.Pamp.1985), attacking the County's April 8 decision, and labeled "Petition for Writ of Certiorari and Application for Restraining Order."

On January 2, 1986, the district court quashed the writ, holding that the court lacked subject matter jurisdiction since the petition had been filed more than thirty days after entry of the County's decision. Citizens appealed. We affirm.

■ This appeal presents two issues. First, did the district court err in holding that it lacked subject matter jurisdiction? And second, did Citizens have standing under Section 3-21-9 to appeal the County's decision? We hold that the district court did not err in holding that it lacked subject matter jurisdiction. We also hold that Citizens lacked standing under Section 3-21-9 to appeal the County's decision.

Section 3-21-9 outlines the procedure for appeal from a decision of the zoning authority, i.e., the County, see NMSA 1978, Section 3-21-1(A) (Repl.Pamp.1985). It states that "a petition, duly verified * * * shall be presented to the [district] court within thirty days after the decision [of the zoning authority] is entered * * *." Citizens argues that because the original complaint was filed within thirty days after entry of the County's decision, the subsequent petition, by virtue of NMSA 1978, Civ.P.Rule 15(c) (Repl.Pamp.1980), should relate back to the date the original complaint was filed.

In *Bolin v. City of Portales*, 89 N.M. 192, 548 P.2d 1210 (1976), we held that the failure to file a petition for writ of certiorari in the district court within the thirty-day period prescribed by NMSA 1953 (Repl.Vol. 3 (1968)), Section 14-20-7 (Supp.1975) (the predecessor of Section 3-21-9), deprived the district court of jurisdiction to review a decision of the zoning authority. *See also Serna v. Board of County Commissioners*, 88 N.M. 282, 540 P.2d 212 (1975). In *Dinwiddie v. Board of County Commissioners*, 103 N.M. 442, 708 P.2d 1043 (1985), we said that where a thirty-day statute of limitations had expired and the court therefore lacked jurisdiction over the subject matter of the action, there was no right to amend the complaint. The Rules of Civil Procedure do not extend the jurisdiction of the district courts, NMSA 1978, Civ.P. Rule 82 (Repl.Pamp.1980). There-

fore, Rule 15(c) cannot be construed to extend the thirty-day time limit of Section 3–21–9. Because the failure to file a petition within thirty days deprived the district court of jurisdiction, we hold that the district court did not err in quashing Citizens' writ of certiorari.

■ We also hold that Citizens lacked standing under Section 3–21–9 to appeal the County's decision. Section 3–21–9 provides that "[a]ny person aggrieved by a decision of the zoning authority" has standing to appeal such a decision. Since Citizens was not duly organized at the time the County's decision was rendered, it was not a person aggrieved by the decision. *Windsor Hills Improvement Association v. Mayor of Baltimore,* 195 Md. 383, 73 A.2d 531 (1950). We are not called upon to decide under the facts of this case whether a corporation such as Citizens, which does not itself own any property but which is duly organized at the time a zoning decision is rendered, has standing to appeal such a decision as an "aggrieved person."

The district court lacked subject matter jurisdiction in this action and Citizens lacked standing to bring the action. Therefore, the district court order quashing the writ of certiorari is affirmed.

IT IS SO ORDERED.

RIORDAN, C.J., and WALTERS, J., concur.