Richard W. **COATES** and Margery C. **Coates, Plaintiffs–Appellants,**

v.

**CITY OF CRIPPLE CREEK, Colorado; Cripple Creek, Colorado, City Council; and Henry Hack, William Fox, Steve Robb, Albert Stephens, and Terry Wahrer, in their official capacity as members of the City Council for Cripple Creek, Colorado, Defendants–Appellees.**

No. 92CA1681.

Colorado Court of Appeals, Div. II.

Nov. 4, 1993.

Richard W. Coates, pro se.

Margery C. Coates, pro se.

James G. Felt, P.C., Charles T. Houghton, Colorado Springs, for defendants-appellees.

Opinion by Judge REED.

Plaintiffs, Richard W. and Margery C. Coates, appeal from the judgment of the trial court upholding a zoning ordinance enacted by defendants, City of Cripple Creek, its City Council, and the members thereof, Henry Hack, William Fox, Steve Robb, Albert Stephens, and Terry Wahrer, in their official capacity. We affirm.

In November 1990, the Colorado voters passed a constitutional amendment allowing limited stakes gambling in the City of Cripple Creek and two other small mining towns. In response to this amendment, the City of Cripple Creek adopted Zoning Ordinance # 1991–19 to accommodate the future needs and development of the city. That ordinance made "sweeping changes" to the pre-existing zoning ordinances governing the City of Cripple Creek.

The new ordinance created several different zoning districts to regulate the use of

land and the location and use of buildings erected within the city. As pertinent here, one zoning district changed the use of a strip of land from Historic Residential Zone (R–1H) to Business Buffer Historic Zone (BB–H). That new zoning classification had the effect of allowing certain businesses to be constructed within the district, including offices, banks, commercial parking lots, and service businesses such as barber shops. This district serves as a buffer zone to the newly created gambling locations lying further to the south.

Plaintiffs' residence adjoins the north boundary of the property which was rezoned. Plaintiffs' district was not rezoned. However, plaintiffs claim that as a result of the ordinance, their property was adversely impacted. Accordingly, pursuant to C.R.C.P. 106(a)(4), plaintiffs brought suit against defendants, arguing that, in enacting the ordinance, the City Council abused its discretion, exceeded its jurisdiction, and failed to meet certain statutory requirements.

The trial court ruled that, in enacting the zoning ordinance, the City Council substantially complied with all statutory requirements. Further, the court found that pursuant to C.R.C.P. 106(a)(4)(I), the City Council did not exceed its jurisdiction or abuse its discretion in enacting the zoning ordinance.

## I.

We initially address defendants' contention that plaintiffs lack standing to bring their complaint. They reason that plaintiffs failed to establish by clear and convincing evidence either that the zoned land is "not susceptible to any reasonable or lawful use under the zoning ordinance or that the restrictions are so discriminatory that they are unconscionable as being violative of due process." We conclude that this contention lacks merit.

■ Our supreme court has determined that an owner of property adjacent to rezoned land has standing to challenge rezoning which adversely affects such property. *Board of County Commissioners v. City of Thornton,* 629 P.2d 605 (Colo.1981); *see also Fedder v. McCurdy,* 768 P.2d 711 (Colo.App. 1988). Implicit in this determination is the

conclusion that complaining property owners have a "legally protected interest" in insulating their property from "adverse effects caused by the legally deficient rezoning of adjacent property." *Board of County Commissioners v. City of Thornton, supra,* 629 P.2d at 609.

■ Here, plaintiffs' residence adjoins the north boundary of the property rezoned BB–H and is separated from it only by an existing alley. Plaintiffs assert that because of the rezoning of that strip of land, their property is adversely affected.

Plaintiff Richard Coates and several other owners of property in proximity or adjacent to plaintiffs attended the council hearings to object to the rezoning. In so doing, they described the adverse effects the rezoning would have on their properties, including a change in character of the area from residential to primarily business, thus detracting from their lifestyle; a change in the usage of their alley to a commercial route with attendant trash and its removal problems; and a decrease in the available parking for their homes.

They further explained that instead of operating as a "buffer" to their adjoining residential property, the rezoned area would cause the opposite result because the ordinance permitted types of commercial business use inconsistent with the intended purpose.

Contrary to defendants' contention, the city council recognized and conceded that adverse effects would be visited upon plaintiffs, and others similarly situated, by passage of the ordinance.

Thus, the record establishes the requisite adverse effects of the rezoning upon plaintiffs to grant them standing to challenge the validity of the ordinance.

## II.

Plaintiffs first argue that the trial court erred in ruling that the City Council substantially complied with § 31–23–303, C.R.S. (1986 Repl.Vol. 12B) in amending the zoning ordinance. We perceive no error.

■ The scope of review on appeal from a judgment entered in a C.R.C.P. 106(a)(4) proceeding is limited to determining whether the tribunal, here the City Council, exceeded its jurisdiction or abused its discretion. *Empiregas, Inc. v. County Court,* 713 P.2d 937 (Colo.App.1985).

■ Section 31–23–303 states in pertinent part:

Such regulations shall be made in accordance with a comprehensive plan and designed to lessen congestion in the streets; to secure safety from fire, panic, floodwaters, and other dangers; to promote health and general welfare; to provide adequate light and air; to prevent the overcrowding of land; to avoid undue concentration of population; to promote energy conservation; and to facilitate the adequate provision of transportation, water, sewerage, schools, parks, and other public requirements. Such regulations shall be made with reasonable consideration, among other things, as to the character of the district and its peculiar suitability for particular uses and with a view to conserving the value of buildings and encouraging the most appropriate use of land throughout such municipality.

Assuming that § 31–23–303 is applicable here, *see Snyder v. City of Lakewood,* 189 Colo. 421, 542 P.2d 371 (1975) (prior statute similar to § 31–23–303, held applicable to enactment of rezoning ordinance), we conclude that the City Council adopted the challenged ordinance only after weighing the elements enumerated in § 31–23–303 in light of the factual information presented to it at the public meetings, and thus satisfied the requirements of that statute.

Specifically, transcripts of the City Council meetings demonstrate that the ordinance was enacted pursuant to a comprehensive plan. At those meetings, the City Council representatives considered many factors, including the preservation of an historical district, the preservation of property values, the development of flood plains, the compatibility of adjoining properties, and the development of parking provisions. City Council representatives also presented comprehensive maps of the city which illustrated the various zoning districts.

Under these circumstances, therefore, we conclude that the City Council did not abuse its discretion in finding that the requirements of § 31–23–303 were satisfied.

### III.

■ Plaintiffs further argue that the ordinance is invalid because the requirements of § 31–23–206, § 31–23–207, § 31–23–208, C.R.S. (1986 Repl.Vol. 12B) were not complied with in its enactment. Plaintiffs assert that the ordinance at issue is a "new zoning ordinance," not simply a "zoning change or amendment," and therefore, the statutes are applicable. We disagree.

Section 31–23–206 concerns the planning commission's adoption of a master plan for the physical development of a municipality. *See generally Margolis v. District Court,* 638 P.2d 297 (Colo.1981). That statute states in pertinent part:

It is the duty of the commission to make and adopt a master plan for the physical development of the municipality.... Such plan ... shall show the commission's recommendations for the development of said territory....

Further, §§ 31–23–207 and 31–23–208, respectively, concern the purposes for developing a master plan and the procedures to be used by the commission in adopting that plan.

Here, we conclude that § 31–23–206 to § 31–23–208 were inapplicable to the case at issue. Those statutes specify the methods and criteria to be used by the planning commission in the original development of an area. Here, the original master plan and implementing zoning ordinances for the town had been adopted in 1973.

The ordinance adopted and enacted here, on the other hand, involves the rezoning or zoning change of a certain area. Contrary to plaintiffs' contention, both the transcripts of the council hearings and the language of the ordinance support this conclusion. For example, the ordinance states that its purpose is for:

[R]ezoning the City of Cripple Creek, establishing land use regulation, through zoning regulations, including definitions of zone districts and the regulations and requirements for each of the zone districts ... procedures concerning conditional uses, procedures for obtaining variances, rezoning. . . .

Moreover, the ordinance states that it "is intended to update and simplify all prior zoning ordinances and to provide for reasonable regulation of land use" within the City of Cripple Creek.

Further, the transcripts of the City Council meetings are replete with references to "rezoning" or to the development of a "comprehensive rezoning plan" for the City of Cripple Creek.

Under these circumstances, therefore, we conclude that these statutes were not applicable for this zoning change.

### IV.

■ As further grounds for challenging the ordinance's validity, plaintiffs assert that the zoning ordinance was adopted without receiving a "final report" as required by § 31–23–306, C.R.S. (1986 Repl.Vol. 12B). Again, we disagree.

Section 31–23–306 states in pertinent part:

[T]he governing body shall appoint a commission, known as the zoning commission, to recommend the *boundaries of the various original districts and appropriate regulations to be enforced therein.* Such commission shall make a preliminary report and hold public hearings thereon before submitting its final report. The governing body shall not hold its public hearings or take action until it has received the final report of such commission. (emphasis added)

Based on the language of § 31–23–306, we conclude that it is inapplicable to the case at hand. That statute discusses the commission's determination of the boundaries of the *original districts and the regulations therein.* As stated previously, the record discloses that the ordinance at issue is a "zoning change" or "amendment." As such, it does not involve determining boundaries of the original districts.

### V.

■ Plaintiffs also argue that the ordinance was adopted by defendants without complying with the requirements of § 31–16–108, C.R.S. (1993 Cum.Supp.). They assert that the transcript of the final council meeting, at which the ordinance was voted upon, does not contain a record of the City Council's vote, contrary to the mandates of that statute. Plaintiffs' contention lacks merit.

Section 31–16–108 states:

On the adoption of an ordinance, resolution, or order for the appropriation of money or the entering into of a contract by the governing body of any city or town, the yeas and nays shall be called and recorded, and the concurrence of a majority of the governing body shall be required.

Even if we assume that § 31–16–108 applies here, *compare Tracy v. People,* 6 Colo. 151 (Colo.1882) *with In re Estate of David v. Snelson,* 776 P.2d 813 (Colo.1989), we conclude that there was substantial compliance with its requirements. The minutes of the July 17, 1991, meeting show the councilpersons in attendance. The minutes further state in pertinent part:

Robb then motioned to approve on second reading Ordinance # 1991–19. Wahrer second and motion carried with Fox voting no.

Thus, the record shows that the motion to approve the ordinance carried by a majority of the governing body with only one councilperson voting no. *See People v. Raims,* 20 Colo. 489, 39 P. 341 (1895).

Under these circumstances, therefore, plaintiffs' contention that the council failed to comply with the statutory mandates of § 31–16–108 is without merit.

Plaintiffs' other contentions are without merit.

Judgment affirmed.

METZGER and BRIGGS, JJ., concur.