Certiorari Granted, March 29, 2013, No. 34,010

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: 2013-NMCA-046

Filing Date: December 26, 2012

Docket No. 31,191

NEW MEXICO CATTLE GROWERS' ASSOCIATION,

Petitioner-Appellant,

v.

NEW MEXICO WATER QUALITY CONTROL
COMMISSION, NEW MEXICO ENVIRONMENT
DEPARTMENT, NEW MEXICO ENERGY,
MINERALS, AND NATURAL RESOURCES
DEPARTMENT, and NEW MEXICO GAME AND
FISH DEPARTMENT,

Respondents-Appellees,

and

AMIGOS BRAVOS, NEW MEXICO BACKCOUNTRY
HUNTERS AND ANGLERS, NEW MEXICO TROUT,
NEW MEXICO WILDLIFE FEDERATION, and
WILDEARTH GUARDIANS,

Intervenors-Appellees.

IN THE MATTER OF AMENDED PETITION TO NOMINATE SURFACE WATERS
IN FOREST SERVICE WILDERNESS AS OUTSTANDING NATIONAL
RESOURCE WATERS

and

IN THE MATTER OF REQUEST TO AMEND ANTIDEGRADATION POLICY
IMPLEMENTATION PROCEDURES AND TO ISSUE GUIDANCE FOR
NONPOINT SOURCE DISCHARGES IN AREAS DESIGNATED AS ONRWS

1

**APPEAL FROM THE WATER QUALITY CONTROL COMMISSION**
**Felicia L. Orth, Hearing Officer**

David Mathews, LLC
David L. Mathews
Albuquerque, NM

for Appellant

Gary K. King, Attorney General
Zachary Shandler, Assistant Attorney General
Santa Fe, NM

for Appellee New Mexico Water Quality Control Commission

New Mexico Environment Department
Ryan Flynn, General Counsel
Santa Fe, NM

for Appellee New Mexico Environment Department

New Mexico Department of Game and Fish
James H. Karp, General Counsel
Santa Fe, NM

for Appellee New Mexico Department of Game and Fish

New Mexico Energy, Minerals and Natural Resources Department
Sonny Ray Swazo, Assistant General Counsel
Santa Fe, NM

for Appellee New Mexico Energy, Minerals and Natural Resources Department

Western Environmental Law Center
Erik Schlenker-Goodrich
Taos, NM

for Appellees Amigos Bravos, New Mexico Backcountry Hunters and Anglers, New Mexico Trout, and New Mexico Wildlife Federation

WildEarth Guardians
Samantha Ruscavage-Barz
Santa Fe, NM

for Appellee WildEarth Guardians

**OPINION**

**KENNEDY, Judge.**

**{1}** This case examines whether the New Mexico Cattle Growers' Association properly appealed from a regulatory proceeding of the New Mexico Water Quality Control Commission (WQCC) directly to this Court by showing that it is adversely affected by the adopted regulations as is required by statute. The Cattle Growers' Association appealed the WQCC's designation of named perennial waters within United States Forest Service Wilderness Areas as Outstanding National Resource Waters. We hold that the Cattle Growers' Association has not shown that it is adversely affected, thus failing to establish a statutory requirement for pursuing its appeal, which we dismiss.

**I.     BACKGROUND**

**{2}** The New Mexico Environment Department, New Mexico Department of Game and Fish, and New Mexico Energy, Minerals and Natural Resources Department (collectively, Departments) petitioned the WQCC to nominate surface waters in Forest Service Wilderness as Outstanding National Resource Waters and amend the WQCC's anti-degradation policy pursuant to 20.6.4 NMAC and NMSA 1978, Section 74-6-4 (1993). The Departments initiated the petition on February 25, 2010, after over a year of public outreach across the state. The WQCC accepted the petition and set a hearing date in September 2010. The Departments then moved to amend their petition to limit its scope by excluding intermittent waters and tributaries.

**{3}** The Cattle Growers' Association is an organization that exists to support the cattle industry in New Mexico. One of its goals is to provide an official and united voice on issues of importance to the cattle producers and feeders. In a motion to the WQCC, it challenged both the original petition and the motion to amend. The hearing officer denied the Cattle Growers' Association's motion, but ordered the Departments to re-publish notice of the narrowed petition. The amended petition was submitted to the WQCC on May 17, 2011.

**{4}** Several organizations and individuals submitted Notices of Intent to Submit Technical Testimony to the WQCC. Among them were the Cattle Growers' Association, local water commissions, individual citizens, and environmental and avocational groups concerned with wilderness streams, including WildEarth Guardians, Amigos Bravos, New Mexico Backcountry Hunters and Anglers, New Mexico Trout, and New Mexico Wildlife Federation. The WQCC held a hearing on the petition on September 14 through 17, and October 12 through 14, 2010. The parties subsequently provided written closing arguments.

**{5}** The WQCC adopted the amended petition on November 30, 2010. The adoption was codified in an Order and Statement of Reasons dated December 16, 2010. The Cattle

Growers' Association appealed, claiming that the designation of waters in the order was too sweeping and that the petition included fatal procedural flaws. Amigos Bravos and several other environmental groups intervened as Appellees.

## II.  DISCUSSION

{6}    The Departments argue that the Cattle Growers' Association may not appeal, claiming that the Cattle Growers' Association was unaffected by the regulations because grazing permittees, as a designated pre-existing land use, were specifically exempted from Outstanding National Resource Waters requirements. 20.6.4.8(A)(3)(d) NMAC. The Departments argue that, due to this exception, the evidence at the hearing showed that there would be no negative economic impact on the grazing allotments affected by Outstanding National Resource Waters designation. The Cattle Growers' Association did not claim in its brief that it is adversely affected by the regulations, thus allowing it to bring the appeal. It also filed no reply in response to the Departments' argument.

{7}    The governing statute, NMSA 1978, § 74-6-7 (1993), provides that appeals from the WQCC may be heard by this Court if a petitioner is "adversely affected by a regulation adopted by the commission" or has "participated in a permitting action or appeal of a certification before the commission and . . . is adversely affected by such action[.]" Section 74-6-7(A). When evaluating this apparent limitation to bringing suit under a statutory cause of action, we look to the Legislature's intent as expressed in the act or other relevant authority. *Key v. Chrysler Motors Corp.*, 1996-NMSC-038, 121 N.M. 764, 768-69, 918 P.2d 350, 354-55.

{8}    Section 74-6-7 twice states the Legislature's intent that only those "adversely affected" by a regulation may appeal from the regulation's adoption. The requirement applies both those who participated in the rulemaking and those who did not. We note that the statute previously permitted an appeal by "any person who is or may be affected by a regulation." *Kerr-McGee Nuclear Corp. v. N.M. Water Quality Control Comm'n*, 98 N.M. 240, 242, 647 P.2d 873, 875 (Ct. App. 1982) (alteration, internal quotation marks, and citation omitted). The law of statutory construction presumes that when the Legislature amends a statute, it intends to change the existing law. *Wasko v. N.M. Dep't of Labor*, 118 N.M. 82, 84, 879 P.2d 83, 85 (1994). Here, the change narrows the law by placing a heightened requirement that the appellant experience an adverse effect, indicating the Legislature's intent to restrict the field of potential appellants.

{9}    The issue of adverse impact is usually found in cases addressing standing. *See Key*, 1996-NMSC-038. "Where the Legislature has granted specific persons a cause of action by statute, the statute governs who has standing to sue." *San Juan Agric. Water Users Ass'n v. KNME-TV*, 2011-NMSC-011, ¶ 8, 150 N.M. 64, 257 P.3d 884. There is no significant difference between having standing to sue and having a cause of action. *Key*, 1996-NMSC-038, 121 N.M. at 768, 918 P.2d at 354. "When a statute creates a cause of action and designates who may sue, the issue of standing becomes interwoven with that of subject

4

matter jurisdiction." *Disabled Am. Veterans v. Lakeside Veterans Club, Inc.*, 2011-NMCA-099, ¶ 7, 150 N.M. 569, 263 P.3d 911 (internal quotation marks and citation omitted). When the issue of standing is considered jurisdictional, it may be raised at any stage of the proceedings, even sua sponte by the appellate court. *Id.* (clarifying that "standing is a jurisdictional question because [the statute] creates a cause of action and explicitly designates who is entitled to bring an action under that provision").

**{10}** Adverse effect usually arises in standing cases because, unlike in this case, the parties are not governed by a statutory cause of action and, therefore, must challenge on constitutional grounds to which standing is the threshold issue. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 883 (1990) (holding that "to be 'adversely affected or aggrieved within the meaning' of a statute, the plaintiff must establish that the injury he complains of (*his* aggrievement, or the adverse effect *upon him*) falls within the 'zone of interests' sought to be protected by the statutory provision whose violation forms the legal basis for his complaint" (alteration omitted); *Mt. Emmons Mining Co. v. Town of Crested Butte*, 690 P.2d 231, 239 (Colo. 1984) (en banc) (enforcing the requirement that "a party challenging the constitutionality of the statute or ordinance must show that the enactment will have an adverse effect on its present or imminent conduct"). It is settled in New Mexico that, when there is no statute at play, only a party who has a real and substantial interest in the subject matter before the court and who is aggrieved or prejudiced by the decision of the trial court may appeal. *Galvan v. Miller*, 79 N.M. 540, 548, 445 P.2d 961, 969 (1968). The association of adverse effect and the threshold issue of standing indicates the importance that the appellant, even in a statutory appeal such as this one, show the court why it is adversely affected.

**{11}** Although the operation of the "adversely affected" requirement in Section 74-6-7 has not yet been addressed in New Mexico law, other courts with similar statutes have found it to be a necessary element of an appeal from a rulemaking. *See ANR Pipeline Co. v. FERC*, 205 F.3d 403, 408 (D.C. Cir. 2000) (stating that a company lacked standing to petition for review of an environmental administrative decision because the statute provides for review of aggrieved parties, and the company failed to show that it was aggrieved or suffered any environmental harm); *Coates v. City of Cripple Creek*, 865 P.2d 924, 926 (Colo. Ct. App. 1993) (finding that "the record establishes the requisite adverse effects of the rezoning upon [owners of land adjacent to rezoned land] to grant them standing to challenge the validity of the [zoning] ordinance"). In New Mexico, a similar statute that requires a party be "aggrieved" in order to appeal a decision of a zoning board has been interpreted as requiring "standing to appeal" the decision. NMSA 1978, § 3-21-9 (1999); *Citizens for Los Alamos, Inc. v. Inc. Cnty. of Los Alamos*, 104 N.M. 571, 573, 725 P.2d 250, 252 (1986).

**{12}** The Cattle Growers' Association fails to make any demonstration that its members' interests would be adversely affected for purposes of appeal. Additionally, it failed to allege such adverse effects in its testimony presented to the WQCC. The executive director of the Cattle Growers' Association, Caren Cowan, testified at the hearing that, "[i]f we take livestock out of the area, over time, we're going to undermine the infrastructure of the

5

industry and, therefore, put other businesses out of business." Cowan alleged in her technical testimony that "[a]s livestock producers . . . are forced out of business, the entire agricultural economy of the region . . . will begin to disintegrate and then be eliminated[.]" However, she did not describe how the Outstanding National Resource Waters designation would remove livestock from any area affected by the designation, force producers out of business, or drive down the herd size.

{13}     Cowan also testified at the hearing that the Cattle Growers' Association was concerned primarily about future lawsuits against the Forest Service to remove grazing allotments, rather than the designation of the waters as Outstanding National Resource Waters. The Cattle Growers' Association mentioned this concern again in its closing argument. However, Cowan had no examples of any lawsuits relating grazing allotments to previous Outstanding National Resource Waters designations in New Mexico or other states. To proceed with its appeal in New Mexico, the Cattle Growers' Association must show injury or a real risk of future injury. *ACLU of N.M. v. City of Albuquerque*, 2008-NMSC-045, ¶ 11, 144 N.M. 471, 188 P.3d 1222. A general, undifferentiated threat of hypothetical harm to some unidentifiable person will not serve to establish injury. *Id.* ¶ 18. The fear of future lawsuits not directly stemming from the Outstanding National Resource Waters designation is hypothetical harm and does not establish that the Cattle Growers' Association will be adversely affected.

{14}     The Cattle Growers' Association's only other witness, Biz Ladner, an administrative assistant for the Cattle Growers' Association, also did not identify any adverse impact to the members of the group and, in response to cross-examination by the Environment Department, conceded that the Cattle Growers' Association did not submit any data or examples that show the cattle industry would suffer a negative economic effect as a result of the designation. The Cattle Growers' Association's witnesses also testified that raising cattle on designated wilderness is more difficult than on private land due to the restraints on machine use and the lack of roads. Because the wilderness designations are already in place, we do not find this argument relevant.

{15}     Finally, in its Notice of Intent to the WQCC, the Cattle Growers' Association failed to allege any harm that would befall its members from the designation. We recognize that such an allegation may not be necessary to participate in the hearing.

{16}     Generally, this Court "will not search the record for facts, arguments, and rulings in order to support generalized arguments." *Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104. Nevertheless, in this case, the Court searched the record and was unable to find any adverse effect that would give the Cattle Growers' Association right to an appeal.

## III.     CONCLUSION

{17}     Because the Cattle Growers' Association failed to make any showing that it was

adversely affected by the WQCC's regulations, it did not comply with the statutory prerequisite to appeal the regulations.  We dismiss.

**{18}   IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Chief Judge**

_____
**LINDA M. VANZI, Judge**

**Topic Index for** _N.M. Cattle Growers' Assn. v. N.M. Water Quality Control Comm'n_, **No. 31,191**

**ADMINISTRATIVE LAW AND PROCEDURE**
Administrative Appeal
Judicial Review
Legislative Intent
Rule

**AGRICULTURE**
Animals and Livestock

**CIVIL PROCEDURE**
Standing

**NATURAL RESOURES**
Leases
Water Law

**STATUTES**
Legislative Intent