This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**IN THE MATTER OF THE PETITION**
**FOR A HEARING ON THE MERITS**
**REGARDING AIR QUALITY PERMIT NO. 1677-M2**

**ANDY CARRASCO, PAT TOLEDO,**
**and DEMPSEY POWER,**

Petitioners-Appellants,

v.                                                    **NO. 33,269**

**THE CITY OF ALBUQUERQUE and**
**SMITH'S FOOD & DRUG CENTERS, INC.,**

Respondents-Appellees.

**APPEAL FROM THE ALBUQUERQUE/BERNALILLO COUNTY AIR QUALITY CONTROL BOARD**
**Felicia L. Orth, Hearing Officer**

Domenici Law Firm
Pete Domenici, Jr.
Lorraine Hollingsworth
Albuquerque, NM

for Appellants

City of Albuquerque
David Tourek, City Attorney
Carol M. Parker, Assistant City Attorney
Donna J. Griffin, Assistant City Attorney
Albuquerque, NM

ABC-AQCB
Felicia L. Orth
Albuquerque, NM

for Appellee City of Albuquerque

Sutin, Thayer & Browne, P.C.
Frank C. Salazar
Timothy J. Atler
Albuquerque, NM

for Appellee Smith's Food & Drug Centers, Inc.

**MEMORANDUM OPINION**

**FRY, Judge.**

{1}     This case is an administrative appeal from the Albuquerque-Bernalillo County Air Quality Control Board's (the Board) dismissal of Petitioners' petition for a hearing based on lack of standing.  Petitioners were challenging Smith's Food and Drug Centers, Inc.'s permit modification request that would allow it to increase the amount of fuel it dispensed at a filling station located near the intersection of Central and Tramway in Albuquerque, N.M.  Petitioners argue that the Board erred in dismissing their petition because, in regard to Petitioners Toledo and Carrasco, they were adversely affected by the City of Albuquerque Environmental Health Department's (EHD) refusal to hold a public hearing, and, in regard to Petitioner Power, his failure to participate in the permitting action was due to inadequate notice. We conclude that the Board properly determined that Petitioner Power did not have standing to appeal

the issuance of the permit because he failed to show that his failure to participate in the permitting action was due to legally insufficient notice. However, we conclude that the Board erred in determining that Petitioners Toledo and Carrasco did not have standing to appeal the EHD's refusal to hold a public hearing. Accordingly, we reverse in regard to Petitioners Toledo and Carrasco and affirm in regard to Petitioner Power.

**BACKGROUND**

{2}     Smith's submitted an application to the EHD to modify an existing air quality permit to allow it to increase the amount of fuel it dispensed at the filling station at issue. The EHD published notice of the permit modification request in the legal section of the Albuquerque Journal and also sent notice to local neighborhood associations in the area surrounding the filling station. The notice provided that the public had the opportunity to comment on the requested modification until April 24, 2013.

{3}     Petitioners Toledo and Carrasco became aware of Smith's permit modification request and submitted written objections to the modification. They also requested that a public hearing be held on the permit modification. In addition to Petitioners Toledo and Carrasco's comments, the EHD received a few questions from the local neighborhood associations. The EHD answered these questions, and no more action

was taken by these groups. Following the end of the comment period, the EHD determined that there was not significant public interest in Smith's permit modification request and denied Petitioners Toledo and Carrasco's request for a public hearing. The EHD granted Smith's permit modification request.

{4}     The EHD notified Petitioners Toledo and Carrasco that because they participated in the permitting action, they were entitled to petition for a hearing before the Board to review the EHD's decision to grant the permit modification. Petitioners filed a petition—including Petitioner Power, who did not participate in the initial permitting action, as a petitioner—and alleged that the permit modification was issued "without providing adequate notice and without allowing the public the opportunity to be heard at a public hearing prior to [its] issuance." Petitioners Toledo and Carrasco further alleged that they were "adversely affected by the permitting action because they are members of the Albuquerque community who have an important interest in ensuring that the modifications to Smith's permit do not adversely affect the quality of life in Albuquerque." Petitioner Power alleged that he was prevented from participating in the permitting action due to inadequate notice. Petitioners requested that the Board set aside the permit modification due to the EHD's failure to provide adequate notice and hold a public hearing.

{5}     The Board set a hearing on the merits of Petitioners' petition. Petitioners filed notice with the Board limiting the issues to be heard to whether the EHD provided adequate notice and whether it erred in refusing to hold a public hearing. Prior to the hearing, Smith's filed a motion to dismiss, arguing that the Petitioners lacked standing to challenge EHD's grant of the permit modification. The Board held a hearing on Smith's motion to dismiss nearly two weeks before the hearing scheduled for the merits of the petition. The Board ultimately determined that Petitioners lacked standing because Petitioner Power did not participate in the permitting action and Petitioners Toledo and Carrasco did not show that they were adversely affected by the EHD's actions. Petitioners now appeal.

**DISCUSSION**

**Standard of Review**

{6}     This Court will set aside the Board's action if the action is found to be "(1) arbitrary, capricious, or an abuse of discretion; (2) not supported by substantial evidence . . .; or (3) otherwise not in accordance with law." NMSA 1978, § 74-2-9(C) (1992). In this case, Petitioners argue that the Board incorrectly applied the law of standing to dismiss their administrative appeal. We review whether a party has standing de novo. *Prot. & Advocacy Sys. v. City of Albuquerque*, 2008-NMCA-149, ¶ 17, 145 N.M. 156, 195 P.3d 1.

**{7}** "Standing is a judicially created doctrine designed to insure that only those with a genuine and legitimate interest can participate in a proceeding." *Id.* ¶ 18 (internal quotation marks and citation omitted). Generally, to establish standing, litigants must "allege three elements: (1) they are directly injured as a result of the action they seek to challenge; (2) there is a causal relationship between the injury and the challenged conduct; and (3) the injury is likely to be redressed by a favorable decision." *ACLU of N.M. v. City of Albuquerque*, 2008-NMSC-045, ¶ 1, 144 N.M. 471, 188 P.3d 1222.

**{8}** We accept the material allegations of the petition as true and construe the petition in favor of the complaining party. *Prot. & Advocacy Sys.*, 2008-NMCA-149, ¶ 17. However, we are not limited to the allegations of the petition and may review any supplementation to the petition by the petitioner with affidavits or particularized allegations of fact in order to determine whether standing exists. *Id.* If, after a review of all materials of record, standing is not established, the petition must be dismissed. *Id.*

**Standing Under the Air Quality Control Act**

**{9}** NMSA 1978, Section 74-2-7(H) (2003), provides that "[a] person who participated in a permitting action before the department or the local agency and who is adversely affected by such permitting action may file a petition for hearing before the environmental improvement board or the local board." The statute therefore

6

contains two prerequisites for seeking review by the Board. First, the person must have participated in the permitting action. *Id.* Second, the person must have been adversely affected by the action. *Id.* We review Petitioners' arguments according to these two requirements. We begin with Petitioner Power's argument that inadequate notice prevented him from participating in the permitting action. We then consider Petitioners Toledo and Carrasco's argument that they were adversely affected by the action.

**Petitioner Power**

{10} Petitioner Power argues that he was prevented from participating in the permitting action because he did not receive notice of the permitting action. Petitioner Power does not argue that the EHD's notice of the permitting action was legally insufficient under the then-applicable regulation pertaining to the provision of public notice. *See* 20.11.41.14(A)(3) NMAC (10/1/02) (requiring that notice be published "in a local newspaper of general circulation" and include "the name and address of the applicant, location of the source, a brief description of the proposed construction or modification, a summary of the estimated emissions and shall identify the manner in which comments or evidence on the application may be submitted to the Department"). In fact, Petitioners conceded below in their answers to requests for admissions that EHD's notice complied with the regulation. Instead, Petitioner Power

7

argues that preventing people who did not receive notice from participating in an appeal forecloses any opportunity to challenge the method in which notice was provided.

{11} We are unpersuaded by Petitioner Power's argument. Participation in the permitting action is a statutory prerequisite to appealing to the Board. Section 74-2-7(H). The EHD is not tasked with ensuring that every person who might be affected by the permitting action actually receive notice. And allowing every person who does not actually receive notice to appeal to the Board would obviate the statutory requirement that the petitioner participated in the permitting action. Furthermore, it was undisputed here that EHD complied with its regulation in providing notice to the public. Accordingly, because Petitioner Power did not participate in the permitting action, the Board correctly determined that he did not have standing to challenge the permit modification.

**Petitioners Toledo and Carrasco**

{12} Petitioners Toledo and Carrasco, who actually participated in the permitting action, argue that they were adversely affected by the permitting action due to the EHD's failure to provide adequate public notice and hold a hearing prior to the issuance of the permit modification. We have already decided that there is no viable dispute regarding public notice. In regard to the EHD's refusal to hold a public

hearing, Petitioners argue that the EHD's action prevented them from presenting comments and evidence on the proposed permit modification.

**{13}** In order to establish that one is adversely affected, the person must show that the injury complained of is within the zone of interests sought to be protected by the statute at issue. *N.M. Cattle Growers' Ass'n v. N.M. Water Quality Control Comm'n*, 2013-NMCA-046, ¶ 10, 299 P.3d 436, *cert. quashed* 2013-NMCERT-010, 313 P.3d 251. Thus, Petitioners' argument implicates the first element of standing: whether Petitioners have alleged an injury in fact. For this element, it has always been a requirement that the litigant allege a direct injury, even if the extent of that injury is slight. *ACLU*, 2008-NMSC-045, ¶ 11. The injury must be actual or imminent. *Id.* ("Rather, the litigant need only show that he is imminently threatened with injury, or . . . that he is faced with a real risk of future injury, as a result of the challenged action or statute." (internal quotation marks and citations omitted)). A "general, undifferentiated threat of a hypothetical harm" will not suffice. *Id.* ¶ 18. A plaintiff has standing to protect himself or herself against "injury as a result of unlawful governmental action." *De Vargas Sav. & Loan Ass'n of Santa Fe v. Campbell*, 1975-NMSC-026, ¶ 13, 87 N.M. 469, 535 P.2d 1320.

**{14}** As stated above, Petitioners argue that their injury was the denial by the EHD of their request for a hearing. Respondents, on the other hand, argue that Petitioners

9

cannot establish standing because they cannot show that an increase in throughput (the amount of fuel dispensed) would directly and concretely injure them. Respondents further argue that Petitioners' alleged injury is insufficient to establish standing because the EHD properly exercised its discretion in denying their request for a hearing. *See* 20.11.41.14(B) NMAC (10/1/02) (stating that the EHD "shall hold a public hearing if the director determines that there is significant public interest"). Stated another way, Respondents argue that because the decision to grant a hearing is discretionary, the denial of a request for such a hearing cannot, as a matter of law, establish an invasion of a legally protected interest.

{15}     We disagree with Respondents. Given that Petitioners are only requesting the Board to review whether the EHD's refusal to hold a hearing was proper, the issue of standing in regard to these Petitioners presents a relatively succinct procedural issue: whether Petitioners were adversely affected by the denial of their request for a hearing. The determination of this issue does not require this Court to review whether Petitioners would be adversely affected by any alleged environmental impacts of the permit modification or whether the EHD properly exercised its discretion, the latter being the exact issue Petitioners appealed to the Board.

{16}     We therefore conclude that Petitioners had standing to request the Board to review whether the EHD properly refused Petitioners' request to holding a public

10

hearing. It would be anomalous to conclude that members of the public whose request for a hearing was denied by the EHD were not "adversely affected" by that decision. The Petitioners are members of the public that live within the EHD's jurisdiction. They were not barred from requesting such a hearing, and the regulations in effect at the time did not limit those who could request a public hearing to only members of the public who could establish that they would experience an adverse impact from the permit modification. 20.11.41.14 NMAC (10/1/02). Instead, such a hearing, if granted, could conceivably give a member of the public the opportunity to present comment or evidence on what would otherwise seem to be an attenuated harm from a proposed permit. Thus, because Petitioners are members of the public living within the EHD's jurisdiction and requested a hearing, they had standing to appeal this narrow procedural issue that arose due to the EHD's denial of their request for a hearing. Concluding otherwise would give unfettered discretion to the EHD in the determination of when significant public interest exist to hold a public hearing because, as Respondents conceded at oral argument, it would foreclose the opportunity for review of the EHD's determination by the Board based on factors unrelated to this specific issue.

{**17**}     To clarify, we conclude only that Petitioners Toledo and Carrasco made a sufficient showing that they have standing to allow them to argue their case before the

11

Board on its merits. We have thus only considered whether these Petitioners were adversely affected by the EHD's actions, not whether the EHD properly denied their request for a public hearing. Petitioners Toledo and Carrasco limited the issues before the Board to public notice and the refusal to hold a public hearing. We conclude above that there is no viable dispute regarding public notice. Therefore, on remand, the Board should determine whether Petitioners Toledo and Carrasco's request for a public hearing, together with the emailed questions received by the EHD from the local neighborhood associations, constituted "significant public interest" to necessitate a public hearing.

**CONCLUSION**

{18}    For the foregoing reasons, we remand to the Board to hold a hearing on the merits of whether the EHD improperly refused to hold a public hearing.

{19}    **IT IS SO ORDERED.**


_____
                                        **CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**TIMOTHY L. GARICA, Judge**