This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-36326**

**PHILIP EDWIN TREU,**

Petitioner-Appellee,

v.

**YANETH ESTHER MARTINEZ TREU,**

Respondent-Appellant,

**AUGUSTINE RODRIGUEZ,**

Attorney-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Sylvia Lamar, District Judge**

Julie A. Wittenberger
Sam W. Minner
Santa Fe, NM

for Appellee

Augustine M. Rodriguez
Albuquerque, NM

for Appellants

## MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}** Augustine M. Rodriguez appeals the district court's order imposing sanctions upon him. Finding no abuse of discretion, we affirm. Because this is a memorandum opinion, we set forth only such facts and law as are necessary to decide the merits.

**BACKGROUND**

**{2}** This appeal arises from Mr. Rodriguez's representation of Yaneth Esther Martinez Treu (Wife) in her divorce from Dr. Philip Edwin Treu (Husband). Following the district court's entry of the final decree of dissolution of marriage, Mr. Rodriguez filed a motion requesting $19,417.51 in attorney fees, which he recognized was partially offset by $13,000 Wife removed from one of Husband's accounts. At the time, Wife had only paid Mr. Rodriguez $1,125 for his services. The district court entered a written order awarding only a portion of the requested attorney fees. Citing Mr. Rodriguez's "lack of preparation for hearings and [t]rial, his numerous late filings, his inappropriate filings[, and his] . . . failure to follow the Rules of Civil Procedure and the Rules of Appellate Practice [in filing an interlocutory appeal,]" the district court reduced his hourly rate. After striking some time entries for various reasons, the district court found the total allowable costs and attorney fees to be $12,218.63, which the district court ruled was entirely offset by the $13,000 that Wife removed from Husband's account. However, the district court stated, "Mr. Rodriguez is strongly urged *not* to attempt collection from [Wife] of the balance owing by [Wife] to Mr. Rodriguez."

**{3}** Shortly after Mr. Rodriguez filed his motion for attorney fees—but before the district court decided the motion—Husband filed a motion seeking $11,843.97 in attorney fees as a Rule 1-011 NMRA sanction against Mr. Rodriguez. After holding a hearing on the motion, the district court entered a written order awarding $4,500 in attorney fees to Husband pursuant to Rule 1-011, listing the following findings in support of the sanction:

    a.    [Mr. Rodriguez's] lack of preparation for hearings in this matter;

    b.    [Mr. Rodriguez's] lack of preparation for the trial on the merits, including but not limited to [Mr. Rodriguez's] failure to present a budget or address the other essential elements required for a determination of spousal support, or to adequately prepare his client to testify on the issue of spousal support, when this was a critical issue at trial and a critical issue for [Wife;]

    c.    [Mr. Rodriguez] filed two emergency motions a month before trial . . . . . These filings required responses and were issues properly before the [c]ourt at trial. The motions were unnecessary and there was no basis for the filing of [one of the motions;]

    d.    The Rules of Appellate Procedure were not followed. [Mr. Rodriguez] filed a [n]otice of [i]nterlocutory [a]ppeal which the Court of Appeals denied on April 12, 2016 and was received by the [d]istrict [c]ourt on April 25, 2016 because [Mr. Rodriguez] failed to certify the appeal as required by Rule 12-203 [NMRA;]

e.      [Mr. Rodriguez] failed to comply with the deadlines contained in the . . . [Rule 1-016(B) NMRA] [s]cheduling [o]rder including but not limited to . . . [filing a preliminary witness list one day after the deadline and filing an exhibit list almost two weeks after the deadline;]

f.      [Mr. Rodriguez], if he was unfamiliar with domestic relations law or felt he was in over his head, had an obligation to seek assistance from an attorney in his firm or another member of the bar[; and]

g.      [Mr. Rodriguez] had an obligation to counsel his client wisely and he failed to do so as indicated in [his] confidential position statement . . . which [Mr. Rodriguez] emailed instead to opposing counsel . . . . On the issue of spousal support; [Mr. Rodriguez's] position was that $8,000 per month spousal support was appropriate without an adequate basis for that request.

This appeal followed.

**DISCUSSION**

**Issues on Appeal**

**{4}**     As a preliminary matter, we must determine what issues are properly before this Court. Mr. Rodriguez states that Wife "decided not to appeal" the district court's final decree of dissolution of marriage and does not allege that Wife changed her mind. On appeal, Mr. Rodriguez's primary argument is that the district court abused its discretion in sanctioning him. However, due to Mr. Rodriguez's confusingly written brief, it is unclear if he is also attempting to argue an issue relating to the underlying dissolution of marriage: that the district court erroneously classified Husband's retirement accounts under the parties' prenuptial agreement. To the extent Mr. Rodriguez attempts to have this Court examine issues relating solely to Wife's dissolution of marriage, this issue is not properly before our Court. We explain.

**{5}**     "It is settled in New Mexico that . . . only a party who has a real and substantial interest in the subject matter before the court and who is aggrieved or prejudiced by the decision of the trial court may appeal." *N.M. Cattle Growers' Ass'n v. N.M. Water Quality Control Comm'n*, 2013-NMCA-046, ¶ 10, 299 P.3d 436. "To be aggrieved, a party must have a personal or pecuniary interest or property right adversely affected by the judgment. The party's interest must be immediate, pecuniary, and substantial, not nominal or a remote consequence of judgment." *Moody v. Stribling*, 1999-NMCA-094, ¶ 47, 985 P.2d 1210, 127 N.M. 630 (internal quotation marks and citation omitted). Here, Mr. Rodriguez's role was limited to that of Wife's attorney in the underlying controversy and he fails to explain how the district court's judgment regarding Husband's retirement accounts affected his "personal or pecuniary interest or property right[s]." *Id.* We will not do Mr. Rodriguez's work for him and decline to develop the

substance of his argument or "guess at what his argument might be." *Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076. Thus, we conclude Mr. Rodriguez does not have standing to raise this issue.[1]

**The District Court Did Not Abuse Its Discretion**

**{6}** "A court may award attorney fees in order to vindicate its judicial authority and compensate the prevailing party for expenses incurred as a result of frivolous or vexatious litigation." *Landess v. Gardner Turf Grass, Inc.*, 2008-NMCA-159, ¶ 14, 145 N.M. 372, 198 P.3d 871 (alteration, internal quotation marks, and citation omitted). Under Rule 1-011(A), an attorney's signature on a court filing certifies "that to the best of the signer's knowledge, information, and belief there is good ground to support it[,] and that it is not interposed for delay." "A court may exercise its discretion and impose sanctions for a willful violation of the rule when it finds, for example, that a pleading or other paper signed by an attorney is not well grounded in fact, is not warranted by existing law or a reasonable argument for its extension, or is interposed for an improper purpose." *Rivera v. Brazos Lodge Corp.*, 1991-NMSC-030, ¶ 13, 111 N.M. 670, 808 P.2d 955. Similarly, district courts have "inherent power to impose a variety of sanctions on both litigants and attorneys in order to regulate their docket, promote judicial efficiency, and deter frivolous filings." *State ex rel. N.M. State Highway & Transp. Dep't v. Baca*, 1995-NMSC-033, ¶ 11, 120 N.M. 1, 896 P.2d 1148 (internal quotation marks and citation omitted). We review the imposition of sanctions for abuse of discretion. *See Landess*, 2008-NMCA-159, ¶ 16. "Under this standard, we consider the full record to determine whether the district court's decision is without logic or reason, or clearly unable to be defended." *Benavidez v. Benavidez*, 2006-NMCA-138, ¶ 13, 140 N.M. 637, 145 P.3d 117.

**{7}** Mr. Rodriguez's briefs raise several disjointed arguments against the propriety of the district court's sanctions, from which we discern two primary contentions. We address each in turn.

**{8}** First, Mr. Rodriguez argues that Rule 1-011 sanctions were inappropriate because he had a good faith basis for the two "emergency" motions that the district court found were "unnecessary." *See Landess*, 2008-NMCA-159, ¶ 16 (stating that the standard for whether Rule 1-011 sanctions are appropriate is subjective and "[a]ny violation depends on what the attorney or litigant knew and believed at the relevant time and involves the question of whether the litigant or attorney was aware that a particular pleading should not have been brought." (internal quotation marks and citation omitted)). However, we need not decide whether Mr. Rodriguez subjectively brought the "emergency" motions in good faith because the district court can sanction an attorney

---

[1]Mr. Rodriguez also argues that "[Wife] was prejudiced by the fact that she was threatened by [Husband], such that she had to . . . forego appealing the decision made by the [district] court as to the [retirement accounts]." However, even if these allegations are true, Mr. Rodriguez fails to cite any authority for the proposition that another party's threats against his client grants him standing to appeal issues on his client's behalf without her approval. We, therefore, assume none exists. *See In re Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (stating that when a party fails to cite authority for an argument, we may assume none exists).

for conduct other than a violation of Rule 1-011. *See Freeman v. Fairchild*, 2018-NMSC-023, ¶ 19, 416 P.3d 264 ("[I]f a party's litigation abuses fall outside the sanction authority expressly set forth in our procedural rules, the court may rely on its inherent powers to impose sanctions." (internal quotation marks and citation omitted)).

**{9}**     While the district court stated that it was imposing sanctions pursuant to Rule 1-011, its findings indicate that it was additionally imposing sanctions for conduct unrelated to the filing of documents under Rule 1-011. The district court listed several reasons in support of its sanctions unrelated to Mr. Rodriguez's filing of the "emergency" motions, which included his lack of preparation for hearings and trial, failure to adequately prepare Wife to testify, improper filing notice of notice of interlocutory appeal, and failure to comply with the district court's scheduling order. Mr. Rodriguez does not argue that the district court could not impose the $4,500 sanction upon him under its inherent authority "to regulate [its] docket, promote judicial efficiency, and deter frivolous filings." *Baca*, 1995-NMSC-033, ¶ 11 (internal quotation marks and citation omitted). Nor does Mr. Rodriguez dispute the district court's findings.[2] An unchallenged finding is binding on appeal. *See Robey v. Parnell*, 2017-NMCA-038, ¶ 22, 392 P.3d 642 ("An unchallenged finding of the trial court is binding on appeal." (internal quotation marks and citation omitted). Accordingly, we cannot say that the district court abused its discretion in sanctioning Mr. Rodriguez. *See State v. Linares*, 2017-NMSC-014, ¶ 24, 393 P.3d 691 ("Where an abuse of discretion is claimed by appellant, appellant bears a heavy burden, in view of the long-standing rule that the reviewing court will not overturn the action of the trial court absent a patent abuse of manifest error in the exercise of discretion." (internal quotation marks and citation omitted)); *State v. Vargas*, 2008-NMSC-019, ¶ 8, 143 N.M. 692, 181 P.3d 684 ("Under the 'right for any reason' doctrine, we may affirm the district court's order on grounds not relied upon by the district court if those grounds do not require us to look beyond the factual allegations that were raised and considered below." (internal quotation marks and citation omitted)).

**{10}**    Next, Mr. Rodriguez contends that the district court impermissibly sanctioned him twice for the same conduct when it (1) reduced his attorney fees and discouraged him from collecting fees from Wife and (2) ordered him to pay $4,500 for Husband's attorney fees. We note that Mr. Rodriguez has failed to cite any authority for the proposition that a district court cannot impose multiple sanctions for the same conduct. *See Hall v. Hall*, 1992-NMCA-097, ¶ 28, 114 N.M. 378, 838 P.2d 995 ("When parties fail to cite authorities in support of their contentions, we are entitled to assume that they could not find support after diligent search."). However, even assuming, *arguendo*, that a district

---

2Mr. Rodriguez, for the first time in his reply brief, attempts to attack the evidence supporting these findings by referencing his memorandum in opposition to our proposed summary disposition. Generally, we do not address issues raised for the first time in a reply brief. *See Mitchell-Carr v. McLendon*, 1999-NMSC-025, ¶ 29, 127 N.M. 282, 980 P.2d 65. Nor will we consider arguments that the parties do not develop in their briefs. *See Headley*, 2005-NMCA-045, ¶ 15. Even if we did consider Mr. Rodriguez's arguments contained in his memorandum in opposition, they are largely unsupported by citations to the record or legal authority. *See* Rule 12-318 NMRA (requiring briefing to provide citations to relevant authorities as well as to the record proper). Therefore, we decline to address these arguments.

court cannot sanction an attorney twice for the same conduct, we are not convinced that is the case here.

**{11}** Before the district court issued its first order reducing Mr. Rodriguez's attorney fees, Husband requested $11,843.97 in attorney fees as a sanction against Mr. Rodriguez. However, in its order granting the $4,500 sanction, the district court stated, "The amount is less than what was requested by [Husband] in light of the [c]ourt's prior sanction against [Mr. Rodriguez] not to seek prior fees from [Wife]." Thus, the district court took care not to impose duplicative sanctions on Mr. Rodriguez. Moreover, while Mr. Rodriguez focuses on the fact that both orders list several of the same sanctionable actions, he fails to recognize that the district court based its sanction on more than the reasons it listed in its first order reducing his attorney fees. Specifically, the district court additionally found that: (1) Mr. Rodriguez's failed to seek assistance from another attorney familiar with domestic relations law and (2) Mr. Rodriguez failed to offer his client wise counsel during negotiations by emailing his confidential position statement to opposing counsel and arguing a position on spousal support without an adequate basis. Mr. Rodriguez does not address why these independent factual findings relied on by the district court were insufficient to warrant sanctions, and therefore, we decline to address this argument any further. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that we presume correctness on appeal, and the appellant must clearly and affirmatively demonstrate district court error).

**Costs and Attorney Fees on Appeal**

**{12}** Relying on *Landess*, Husband argues that we should award him his costs and attorney fees incurred in defending against Mr. Rodriguez's "frivolous" appeal. *See* 2008-NMCA-159, ¶ 21 (exercising inherent authority to award attorney fees as sanction for frivolous appeal); *see also* Rule 12-403(A), (B)(3) NMRA (permitting appellate courts the discretion to award costs to the prevailing party, which may include "reasonable attorney fees for services rendered on appeal in causes where the award of attorney fees is permitted by law"). Specifically, Husband claims that Mr. Rodriguez presented numerous arguments that are irrelevant to his appeal, misconstrued or ignored facts, and attempted to deceptively twist unrelated case law to his advantage. While we agree that Mr. Rodriguez's briefing leaves much to be desired, we are not convinced this appeal rises to the level of frivolousness found in *Landess*, where the appellants continued to make "patently meritless" arguments attacking the validity of "well-established federal tax laws." 2008-NMCA-159, ¶¶ 17, 21. Nor are we convinced that Mr. Rodriguez's treatment of facts and case law is the result of bad faith rather than simple carelessness. Therefore, we decline to exercise our discretion to award Husband attorney fees incurred on appeal. *See Bernier v. Bernier ex rel. Bernier*, 2013-NMCA-074, ¶ 47, 305 P.3d 978 (declining to award attorney fees on appeal when the appellant "raised a number of arguable, albeit unpersuasive, arguments").

**CONCLUSION**

**{13}** For the foregoing reasons, we affirm the district court's sanction.

**{14}** IT IS SO ORDERED.

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**M. MONICA ZAMORA, Judge**

**JULIE J. VARGAS, Judge**