This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-42499

IN THE MATTER OF THE ESTATE
OF T.J. CARR, Deceased,

JOHN N. CARR, KAREN FINKELSTEIN,
and MATTHEW FINKELSTEIN,

Petitioners-Appellees,

v.

VIOLA TREVINO,

Interested Party-Appellant.

APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Denise Barela Shepherd, District Court Judge

Roepke Law Firm LLC
Karl H. Roepke
Albuquerque, NM

for Appellees

Viola Trevino
Albuquerque, NM

Pro Se Appellant

## MEMORANDUM OPINION

**BACA, Judge.**

**{1}** Interested Party Viola Trevino, a self-represented litigant, appeals the district court's order of intestacy and determination of heirship. In our notice of proposed summary disposition, we proposed to affirm. Interested Party has filed a memorandum in opposition, as well as an amended memorandum in opposition, both of which we

have duly considered. As we are not persuaded by Interested Party's arguments, we affirm.

**{2}** In our notice of proposed summary disposition, we noted that the docketing statement was unclear with regard to Interested Party's contentions on appeal, and we proposed to hold that Interested Party had not met her burden to establish that the district court erred in issuing its order. [CN 3] In its order, the district court denied admission of Interested Party's proposed Exhibit A as a last will and testament of Decedent [RP 82 ¶¶ 9-12], determined that Decedent died intestate "because he left no will" [RP 83 ¶ 14], found Decedent's son to be Decedent's sole heir [RP 83 ¶ 16], and appointed Decedent's son as the personal representative of Decedent's estate [RP 83 ¶ 3].

**{3}** In her memorandums in opposition, Interested Party continues to challenge the district court's order, arguing that the district court failed to "hear my findings" and did not "allow my documents of my findings or seen the list of properties owned by [Decedent] and [b]ank statements." [MIO PDF 3; AMIO PDF 1] We note that the record proper indicates that Interested Party introduced four documentary exhibits during the litigation and that the district court directly analyzed the contents of at least one of the exhibits in its order. [RP 79-80, 82 ¶¶ 9-12] We recognize that "[o]ur courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law." *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683; *see also State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Because Interested Party has not provided us with any further information in support of her contention that the district court failed to consider her documents, we conclude that Interested Party has not met her appellate burden.

**{4}** To the extent that Interested Party is challenging the district court's denial of the admission of Exhibit A, we note that Interested Party makes no contentions of error regarding the district court's findings that the document was legally insufficient because it "fails to contain two witnesses as required by [NMSA 1978, Section] 45-2-502[(C)(1995)]," that it "is absent of any type of devise, inheritance, or gifting provisions," and "fails to contain any language that could be construed as a will." [RP 82 ¶¶ 9-11] These findings indicate that the district court could not legally accept the document as a last will and testament, and the document did not include sufficient information to indicate Decedent's wishes even if the district court could legally accept the document. Given these findings, we conclude that the district court did not abuse its discretion in its exclusion of the proposed Exhibit A. *See In re Est. of Martinez*, 1983-NMCA-050, ¶ 21, 99 N.M. 809, 664 P.2d 1007 (explaining that "[t]he purpose of a witness to a will is to ensure proof is available to show that there has been compliance with the requisites of execution and that the [document] offered for probate is the paper which the decedent signed").

**{5}** Lastly, we note that Interested Party focuses much of her memorandums in opposition on purported fraud by the special administrator. [MIO PDF 3, 5; AMIO PDF 1-2] However, we observe that Interested Party is not an aggrieved party to any purported fraudulent actions by the special administrator. *See N.M. Cattle Growers' Ass'n v. N.M. Water Quality Control Comm'n*, 2013-NMCA-046, ¶ 10, 299 P.3d 436 (explaining that "only a party who has a real and substantial interest in the subject matter before the court and who is aggrieved or prejudiced by the decision of the trial court may appeal"). This is because, in concluding that the district court did not err in excluding Exhibit A as we have explained above, only Decedent's son and sole heir may claim harm to the estate resulting from the special administrator's performance. *See id.* As a result, we decline to further consider Interested Party's fraud claims.

**{6}** Thus, for the reasons stated here and in our notice of proposed summary disposition, we affirm the district court's order of intestacy and determination of heirship.

**{7}     IT IS SO ORDERED.**

**GERALD E. BACA, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**ZACHARY A. IVES, Judge**